■ DANNY SHAMASH, an Infant by MOSHE SHAMASH, His Father, and Natural Guardian, et al., Respondents, v OHRBACH'S INC., Appellant.—Order of the Supreme Court, New York County, entered in the office of the clerk on September 7, 1976, granting plaintiffs' motion for an order pursuant to CPLR 3126 striking defendant's answer, directing an assessment of damages and entry of judgment, unanimously reversed, on the law, on the facts and in the exercise of discretion, and motion denied, with $60 costs and disbursements of this appeal to appellant. Although defendant appeared at Special Term for deposition pursuant to prior order of the court, nevertheless, the witness it produced, then employed by defendant, did not have personal knowledge of the facts. It appears that a witness who may have such knowledge, the store manager at the time of the occurrence was, apparently, no longer in defendant's employ and not subject to defendant's control. Furthermore, defendant at the deposition brought certain records. Claiming they were work products (CPLR 3101, subds [c], [d]), defendant declined to exhibit them absent a court ruling. Plaintiffs did not seek such ruling from Special Term. In the record we find that defendant, in an effort to co-operate with plaintiffs, sought a continuance of the examination in order to try to meet plaintiffs' request to depose a witness more knowledgeable than the one produced and to permit plaintiffs to examine at defendant's store certain records which defendant claims were too voluminous to transport to Special Term. In the circumstances, it does not appear that defendant's conduct was clearly willful or contumacious (CPLR 3126). Accordingly, it was an improvident exercise of discretion to impose such a drastic sanction (Balsam v Nicolosi Bldg. Co., 36 AD2d 533; Cinelli v Radcliffe, 35 AD2d 829). Defendant shall be required to submit to an examination on a date to be fixed in the order to be settled herein. Settle order on notice. Concur—Birns, J. P., Silverman, Capozzoli and Markewich, JJ.