■ PERGAMON PRESS, INC., et al., Respondents, v WOLF TIETZE, Appellant. — In an action, *inter alia,* to enjoin defendant from competing with plaintiffs, defendant appeals from an order of the Supreme Court, Westchester County, entered September 22, 1980, which denied his motion to vacate a prior "order and judgment" (one paper) of the same court, dated September 4, 1979. Order affirmed, with $50 costs and disbursements. An order of Special Term, dated September 13, 1978, directed defendant, a West German national, to produce certain documents for discovery and inspection. A second order, dated October 26, 1978, directed defendant to appear for examination in New York at plaintiffs' expense, at a time and place to be agreed upon by the parties. After plaintiffs proved unsuccessful in securing compliance with these orders, and after several adjournments were obtained

at the request of the defendant, plaintiffs moved, *inter alia*, to strike defendant's answer. The court, in an order entered March 13, 1979, directed defendant to appear at Special Term on May 15, 1979, or at such other time and place as may be agreed to by counsel. When defendant's co-operation could still not be obtained, Special Term, by an order and judgment dated September 4, 1979, granted plaintiffs' motion to, *inter alia*, strike defendant's amended answer, to the extent of striking said answer and counterclaims, directing the entry of judgment in favor of plaintiffs for the injunctive relief demanded, and ordering an inquest for the assessment of damages sustained by plaintiffs. This decision was made pursuant to CPLR 3126 (subd 3) as a penalty for defendant's deliberate disregard of the three orders pertaining to disclosure. The motion had been vigorously contested by defendant's counsel. Defendant, for reasons unknown, did not appeal from this order and judgment. Instead, after the permissible time for an appeal had elapsed, he made a motion pursuant to CPLR 5015 (subd [a], par 1) to vacate the "default judgment" on grounds of "excusable default". Special Term correctly denied this motion. CPLR 3126 (subd 3) provides, as a penalty for refusal to comply with an order to disclose, that a court may make "an order striking out pleadings or parts thereof * * * or dismissing the action or any part thereof, or rendering a judgment by default against the disobedient party." That a default can thus occur is confirmed by the language of CPLR 3215 (subd [a]). However, although such a judgment may be categorized as a "default judgment", it is appealable (see *Shier v President Land Co.*, 248 App Div 640; *Cinelli v Radcliffe*, 35 AD2d 829; *Shaw v Stewart Franklin Apt.*, 49 AD2d 892; *Shamash v Ohrbach's Inc.*, 57 AD2d 531). Since the striking of defendant's amended answer and entry of the order and judgment followed a contest on the issue of whether the prior orders of the court were deliberately disobeyed, to permit defendant to obtain relief under CPLR 5015 (subd [a], par 1) would permit relitigation of the very issue previously contested and decided, to wit, whether there was an excusable failure on defendant's part to comply with the disclosure orders. Thus, affirmance is required. Damiani, J. P., Lazer, Gibbons and Cohalan, JJ., concur.