■ KEVIN K. O'BRIEN, Respondent, v PAULA C. O'BRIEN, Appellant.—Weiss, J. Appeal from an order of the Supreme Court (Mugglin, J.), entered August 3, 1988 in Delaware County, which denied defendant's motion to vacate a default judgment of divorce entered against her.

Seventeen days after defendant was served with process in this action for divorce she met with Richard D. Northrup, Jr., attorney for plaintiff, at his office on May 10, 1988. She ostensibly related her defenses and contentions to Northrup and told him she was a welfare recipient without funds to obtain counsel. On May 25, 1988 Terrence O'Leary was as-

signed to defend defendant against charges of welfare fraud. That same day, in a telephone discussion with Northrup, O'Leary learned that defendant was in default in this action and requested consent to an appearance on her behalf and the opportunity to serve an answer. On June 1, 1988, Northrup wrote O'Leary rejecting the request and enclosed a notice of motion seeking an order granting plaintiff a default judgment of divorce against defendant. The motion was dated June 1, 1988 and, by its terms, returnable July 5, 1988. In some manner neither disclosed in the record nor revealed by Northrup upon oral argument, the motion for the default judgment was granted and signed by Supreme Court on June 2, 1988 without further notice to, nor with the knowledge of, O'Leary or defendant.[1] On June 14, 1988, defendant obtained an order to show cause returnable August 1, 1988 seeking vacatur of the default judgment. Supreme Court denied the motion from the bench, albeit the reasons for this decision do not appear in the record. Defendant has appealed.

There must be a reversal. To successfully vacate a default judgment, the movant must show a valid excuse for the default, a meritorious defense and the absence of willfulness (CPLR 5015 [a] [1]; *Howlan v Rosol*, 139 AD2d 799, 800). " 'It has repeatedly been held that the general rule in respect to opening defaults in ordinary actions is not to be applied so rigorously in a matrimonial action' " *(Antonovich v Antonovich*, 84 AD2d 799, quoting *Vanderhorst v Vanderhorst*, 282 App Div 312, 314). Indeed, courts have consistently embraced a liberal policy with respect to vacating default judgments in matrimonial actions *(see, Black v Black*, 141 AD2d 689; 1 Foster, Freed and Brandes, Law and the Family § 8:2, at 568 [2d ed]). We find the grounds defendant proffers to support vacatur more than ample. There is no evidence of any willfulness on defendant's part and, upon our review of the record, the required showing of a meritorious defense has been satisfied *(see, David Sanders, P. C. v Sanders, Architects*, 140 AD2d 787, 789). Defendant has asserted acts of abandonment, fraud and duress by plaintiff. In addition, before the entry of judgment, plaintiff's attorney knew that defendant was represented and intended to defend the action. Were defendant's allegations alone insufficient to support a vacatur, the yet unexplained conduct of seeking and obtaining a default judgment *one day after* the notice of motion returnable 35 days

---

1. We note that the final decree refers to supportive findings of fact and conclusions of law *(see,* Domestic Relations Law § 211), but these are not included in the record on appeal.

hence was made, and *one day before* it was received by O'Leary, mandates reversal and vacatur. Defendant learned of the judgment on June 6, 1988 and moved to vacate by June 14, 1988. Therefore, delay is not a factor present in this case *(see, Howlan v Rosol, supra,* at 801).

In view of the brief time sequence, the lack of prejudice to plaintiff,[2] the potential meritorious nature of the defense, the absence of any willfulness on defendant's part, and the public policy in favor of resolving cases on the merits, we conclude that Supreme Court abused its discretion in refusing to excuse defendant's default *(see, Mulder v Rockland Armor & Metal Corp.,* 140 AD2d 315, 316; *McNeill v Lasala,* 115 AD2d 459; *see also, D'Alleva v D'Alleva,* 127 AD2d 732).

Order reversed, on the facts, with costs, and motion to vacate the default judgment granted upon the condition that an answer is served within 20 days of the date of this court's decision. Kane, J. P., Casey, Weiss, Levine and Mercure, JJ., concur.

---

2. Plaintiff's remarriage on July 10, 1988 does not constitute prejudice sufficient to defeat defendant's motion. The power of a court to set aside a default judgment is not ended by the remarriage of a party who obtained the judgment of divorce *(see,* Foster, Freed and Brandes, Law and the Family § 8:4, at 579 [2d ed]; Annotation, 17 ALR4th 1153, 1158). Notably, defendant's motion to vacate the default judgment was pending prior to the remarriage, a status obviating detrimental reliance on the divorce decree.