■ JAMES CHAMPION, Respondent, v DAN WILSEY, Individually and Doing Business as DAN WILSEY RACING STABLE, Defendant, and PETER J. SKOCIGORIC, Appellant.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Brown, J.), entered April 27, 1988 in Saratoga County, which denied defendant Peter J. Skocigoric's motion to vacate a default judgment entered against him.

Plaintiff brought this conversion and fraud action alleging that as a result of an illegal auction defendants spirited away two harness racehorses in which he had one-half interests, in violation of a "court ordered" stipulation. When defendants

refused to appear at an examination before trial scheduled for March 31, 1986, plaintiff moved for an order pursuant to CPLR 3126 to compel disclosure. In granting the relief, Supreme Court ordered defendants to appear at an examination before trial within 45 days of service of the order or otherwise be held in default. The deposition was scheduled for June 24, 1986 but defendant Peter J. Skocigoric failed to appear, assertedly because his attorney withdrew the previous day. Supreme Court, by letter dated June 26, 1986, informed Skocigoric that its order was still binding and that he could avoid a default by arranging another date for his deposition within the time remaining under the order (approximately 14 days). Despite these clear instructions, Skocigoric did not retain a new attorney until January 20, 1987, who then informally notified plaintiff that Skocigoric was prepared to be deposed; at that point plaintiff's counsel was in the process of making a motion for a default judgment, which was brought on to be heard on February 13, 1987. Skocigoric opposed the motion, arguing that his default was excusable and that he had a meritorious defense. When Supreme Court granted the motion, finding the default inexcusable, Skocigoric moved for a stay pending appeal, which was denied; he did not pursue the appeal. Following a motion for reargument, Supreme Court found that in addition to not having an excuse for his default, Skocigoric lacked a meritorious defense. Skocigoric then moved, again unsuccessfully, this time pursuant to CPLR 5015 (a) (1) to vacate the default. This appeal ensued; we affirm.

Although characterized as a default judgment, relief granted under CPLR 3126 (3) is directly appealable (see, Pergamon Press v Tietze, 81 AD2d 831, 832, lv dismissed 54 NY2d 830; cf., CPLR 5511) because such an order or judgment is made on notice (CPLR 3215 [f] [1]), thus enabling the defaulting party to contest the motion; allowing a defaulting party to proceed by way of CPLR 5015 (a) (1) would grant him an extension of time in which to appeal, a result anathema to the legislative intent of CPLR 5513 (see, Siegel, 1981 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR 5015 [1989 Supp Pamph], at 535). Skocigoric's remedy for the default judgment was an appeal, not a CPLR 5015 (a) (1) motion.

In any event, Skocigoric has failed to produce in his papers either an acceptable excuse for his six-month delay in acceding to a deposition or a meritorious defense to the action (see, Gray v B. R. Trucking Co., 59 NY2d 649, 650). Among other

things, his speculative assertions regarding possible impropriety by defendant Dan Wilsey's former counsel in the sale of the horses do not amount to a cognizable defense and plaintiff's purported presence at the sale of the horses and bids thereon go to the question of mitigation of damages, if anything.

Order affirmed, with costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.