■ FREDERICK A. RYAN, Appellant, v MARY B. RYAN, Respondent.—Levine, J. Appeal from an order of the Supreme Court (Ellison, J.), entered December 26, 1990 in Tompkins County, which, *inter alia,* denied plaintiff's motion to vacate a default judgment entered against him.

Plaintiff and defendant were married in 1968. In October 1988, plaintiff commenced this divorce action alleging cruel and inhuman treatment. Defendant then answered and counterclaimed for divorce, seeking, *inter alia,* maintenance and equitable distribution of the marital property, which included an excavation business where defendant worked full-time as the office manager until July 1988. In March 1989, during discovery, defendant made a demand pursuant to CPLR 3120 for the production of various financial records and documents concerning the business, as well as records from all bank accounts held in plaintiff's name. Upon plaintiff's failure to produce the requested information, defendant moved for and was granted an order compelling plaintiff to comply with the demand to produce by delivering the requested documents to the office of defendant's counsel by July 17, 1989.

Plaintiff subsequently failed to comply with Supreme Court's order and defendant moved for an order dismissing plaintiff's divorce action and permitting her to proceed on her counterclaims by default. In support of her motion, defendant submitted an affidavit detailing the various business records in plaintiff's possession which had not been disclosed, as well as the names of the banks where plaintiff held accounts. Plaintiff opposed the motion, claiming that certain bank records could not be copied legibly, that he had authorized his accountant to permit defendant access to documents in his possession and that other avenues of discovery were available to defendant. By order dated August 29, 1989, Supreme Court directed plaintiff to comply with its prior order within 30 days and expressly stated that his failure to do so would result in the dismissal of his action for divorce, enabling defendant to proceed on her counterclaims by default.

In October 1989, defendant moved for an order permitting her to proceed on her counterclaims by default based upon plaintiff's continued failure to comply with Supreme Court's order. Supreme Court granted the motion, dismissed plaintiff's complaint and directed "that defendant may proceed on her amended counterclaims as if * * * plaintiff were in default without further notice to * * * plaintiff".

Thereafter, defendant went forward on her counterclaims,

submitting a statement of proposed distribution, documentation of the value of the parties' real property and an affidavit generally describing the marital property and estimating, *inter alia,* the amounts held in the parties' bank accounts at the commencement of the action and the value of the equipment owned by the business. Relying on the foregoing submissions, Supreme Court granted defendant a judgment of divorce which provided for a maintenance award and the equitable distribution of marital assets.

Plaintiff then moved to vacate the default judgment on the grounds that (1) he was unaware of the consequences of his failure to comply with Supreme Court's discovery orders, (2) he was unfamiliar with the financial aspects of the business, which were previously handled by defendant, (3) he was unable to obtain legible copies of certain canceled checks due to the poor quality of the bank's reproduction process, and (4) he was unable to obtain certain bank statements because he did not have defendant's Social Security number. Plaintiff also alleged that Supreme Court's disposition of marital property was inequitable. Supreme Court denied plaintiff's motion and this appeal followed.

There should be an affirmance. A party seeking to vacate a default under CPLR 5015 (a) (1) must demonstrate a reasonable excuse for the default, a meritorious defense and the absence of willfulness *(see, Howlan v Rosol,* 139 AD2d 799, 800). Although the requirements for opening default judgments are to be applied less rigorously in matrimonial actions *(see, O'Brien v O'Brien,* 149 AD2d 830, 831), plaintiff in this case has nevertheless failed to make a showing sufficient to warrant vacatur.

Initially, we find unavailing plaintiff's claim that he was uninformed of the consequences of his failure to comply with Supreme Court's discovery orders. It is undisputed that plaintiff opposed each of defendant's motions to compel, that he was personally served with Supreme Court's first order of June 1988 directing production of the requested information, and that he was represented throughout this action by counsel who was fully aware of the court's orders. Likewise, we agree with Supreme Court that plaintiff's conclusory allegations regarding his unfamiliarity with his business finances and his inability to obtain certain bank documents without defendant's Social Security number or because of inadequate photocopying are unpersuasive.

With respect to establishing the existence of a meritorious

defense, plaintiff alleged only that a "full exchange of financial information [would] reveal grave inequity" in Supreme Court's distribution of marital assets. However, at no time during the pendency of this action has plaintiff submitted any proof contradicting or otherwise calling into question the financial information supplied by defendant which formed the basis for Supreme Court's judgment.

In view of the extent of plaintiff's noncompliance and his failure to take any significant remedial action, we cannot conclude that he has demonstrated an absence of willfulness. Although plaintiff contends on this appeal that he offered partial compliance with defendant's demand to produce, our review of the record indicates that these efforts were neither timely nor in accordance with the terms of Supreme Court's orders.

Finally, we find no merit in plaintiff's contention that the equitable distribution and maintenance awards contained in the divorce judgment should be vacated because Supreme Court proceeded to make such awards without holding an inquest on notice with regard to the economic issues. This argument was not raised by plaintiff before Supreme Court and, thus, is not properly before us now *(see, Kramer & Sons v Facilities Dev. Corp.,* 113 AD2d 97, 100; *Matter of Otselic Val. Cent. School Dist. [Otselic Val. Teachers Assn.],* 91 AD2d 1122).* In any event, the uncontradicted proof submitted by defendant in support of her proposed distribution of marital property and requested maintenance enabled Supreme Court to make factual findings based upon consideration of the factors enumerated in Domestic Relations Law § 236 (B) (5) (d) and (6) (a) *(cf., Otto v Otto,* 150 AD2d 57; *Diachuk v Diachuk,* 117 AD2d 985). Under the circumstances of this case, we see no reason to direct vacatur of the equitable distribution and maintenance provisions of the divorce judgment merely because they were based solely upon defendant's proof *(see, Reed v Reed,* 93 AD2d 105, 108, *appeal dismissed sub nom. Patricia R. v Thomas R.,* 59 NY2d 761). Accordingly, Supreme Court's order denying plaintiff's motion to vacate the default judgment entered against him should be affirmed.

Mahoney, P. J., Weiss, Yesawich Jr. and Mercure, JJ., concur. Ordered that the order is affirmed, with costs.