■ Frank J. Koch, Respondent, v Mary L. Koch, Appellant. [603 NYS2d 932] —Mercure, J. Appeal from an order of the Supreme Court (Duskas, J.), entered December 9, 1992 in St. Lawrence County, which denied defendant's motion to, *inter alia*, vacate the financial provisions of the parties' judgment of divorce.

The parties to this action were married in 1979. Plaintiff

commenced an action for divorce in May 1990 and a default judgment of divorce, incorporating therein the parties' August 10, 1989 property settlement agreement (hereinafter the agreement), was personally served upon defendant on June 28, 1990. Contending that her purported signature to the agreement was a forgery and that she failed to appear in the divorce action in reliance upon plaintiff's representations that "[she] would be taken care of and that [her] property rights would be protected", in September 1992 defendant moved for an order setting aside the agreement or, alternatively, vacating the provisions of the judgment of divorce incorporating the agreement and equitably distributing the parties' marital property. Supreme Court denied the motion and defendant appeals.

We affirm. A motion to vacate a judgment of divorce must be made within one year after service of the judgment of divorce with notice of entry and supported by a showing of reasonable excuse for the default and a meritorious defense to the action (see, Arvanetes v Arvanetes, 191 AD2d 893; Anderson v Anderson, 144 AD2d 512). Here, the application was made more than two years following service of the judgment of divorce with notice of entry upon defendant (cf., O'Brien v O'Brien, 149 AD2d 830, 832) and the vague allegations of defendant's affidavit in support of the motion fail to establish either a reasonable excuse for the default or a genuine defense. Moreover, in view of defendant's acceptance of a substantial distribution of marital assets under the terms of the challenged agreement, we see no reason to vacate the financial provisions of the default judgment (see, Arvanetes v Arvanetes, supra). Having accepted the benefit of the property settlement for over three years, she is deemed to have ratified it (see, Lavelle v Lavelle, 187 AD2d 912). As a final matter, the current claim that Supreme Court failed to make a determination that the agreement was fair and reasonable when made and not unconscionable at the time of the divorce (see, Domestic Relations Law § 236 [B] [3]) was not raised below and thus has not been preserved for our review.

Weiss, P. J., Cardona, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, with costs.