■ ANDREW KOVAL et al., Respondents, v MICHAEL H. LOEBACH et al., Appellants. (And Another Related Action.) [622 NYS2d 987] —Casey, J. Appeal from an order of the Supreme Court (Best, J.), entered January 18, 1994 in Montgomery County, which denied defendants' motions to vacate two deficiency judgments entered against them.

At a public auction conducted as a result of judgments of foreclosure and sale in two mortgage foreclosure actions, plaintiffs purchased two contiguous parcels of property which they had previously sold to defendants upon defendants' execution of purchase money mortgages in plaintiffs' favor. The price paid by plaintiffs at the foreclosure sale was substantially less than the balance due on the mortgages. Defendants vacated the premises several weeks after the sale and moved out of the State without leaving a forwarding address. Shortly thereafter, plaintiffs sought and obtained orders permitting

service by publication of notices of motions for deficiency judgments in the foreclosure actions. After service was made in accordance with the orders, defendants defaulted and plaintiffs were awarded deficiency judgments totaling more than $88,000. Several years later, defendants moved to vacate the deficiency judgments. Supreme Court denied the motions, resulting in this appeal by defendants.

We reject defendants' claim that they are entitled to relief under CPLR 317. By its terms CPLR 317 applies only to a person served with a summons other than by personal service who does not appear in the action. Defendants were personally served with the summonses and appeared in both foreclosure actions. The notices served by publication did not commence new actions or proceedings, but merely sought additional relief in the pending foreclosure actions (see, RPAPL 1371 [2]).

Evaluating defendants' motions under the statutory provision applicable to defaulting parties who have been personally served or have appeared in the action (see, CPLR 5015 [a]), we conclude that defendants failed to demonstrate the necessary "reasonable excuse for the default, a meritorious defense and the absence of willfulness" (Ryan v Ryan, 177 AD2d 895, 896). After the sales had been conducted pursuant to the judgments of foreclosure, and with full knowledge that the total sales price was substantially less than the balance due on the mortgages, defendants vacated the premises at night and moved out of the State, deliberately leaving no forwarding address to avoid further contact with plaintiffs. Defendants claim that they did so because of plaintiffs' harassment, but there is no evidence in the record to support defendants' claims of harassment. Defendants' conduct is consistent with an intent to avoid any steps plaintiffs might have taken to seek redress for the filthy and damaged condition in which defendants left the premises. Defendants' default, which was a direct result of their willful attempt to avoid further responsibility for their failure to meet the obligations of their ownership and occupancy of the premises, is not excusable.

Defendants' claim of a meritorious defense is equally lacking in merit. It is based upon appraisals of the property done before defendants left the premises in a deplorable condition, which obviously had a substantial adverse impact on the value of the property.

Crew III, Yesawich Jr. and Peters, JJ., concur; Cardona, P. J., not taking part. Ordered that the order is affirmed, with costs.