■ LINDA J. SCHWENK, as Administratrix of the Estate of CLARA A. REYNOLDS, Deceased, Appellant, v ST. PETER'S HOSPITAL OF THE CITY OF ALBANY et al., Respondents. [626 NYS2d 590] —Mikoll, J. P. Appeal from an order of the Supreme Court (Keegan, J.), entered May 23, 1994 in Albany County, which denied plaintiff's motions to vacate two default judgments dismissing the complaint for failure to comply with certain discovery demands.

Plaintiff commenced this action seeking damages for the wrongful death of decedent and decedent's pain and suffering allegedly due to defendants' malpractice in treating and caring for decedent. The improper treatment and care were allegedly rendered by defendants, St. Peter's Hospital (hereinafter the hospital) and Richard Balsam and David Pankin (hereinafter collectively referred to as physicians).

Various discovery demands were made by defendants seeking a verified bill of particulars, other documents and information. Upon the failure to comply with such demands, defendants moved for orders to compel and/or preclude. At one point plaintiff accepted two conditional 30-day orders obtained by the hospital precluding any evidence at trial for which particulars demanded had not been furnished and dismissing the complaint for failure to comply with the hospital's demands for discovery. On February 1, 1993, the two conditional

orders were reduced to one order entered February 11, 1993 and served with notice of entry on plaintiff on February 16, 1993.

Plaintiff timely served a bill of particulars on the hospital on February 26, 1993. However, lacking compliance with the discovery order, the hospital entered a default judgment dismissing the complaint against the hospital on April 8, 1993.

As to the physicians, Supreme Court signed a conditional decision and order on November 5, 1992 upon consent of plaintiff's counsel, dismissing the complaint unless plaintiff's responses to the physicians' discovery demands were served within 30 days of entry thereof. However, Supreme Court did not then release such order for entry and service on plaintiff. Further conferences between counsel and the court were held and the court ordered plaintiff to serve discovery by January 21, 1993 or it would issue an order dismissing the complaint against the physicians. This deadline was not met and pursuant to instructions from Supreme Court, the physicians entered the November 5, 1992 conditional order on March 18, 1993 and hand-delivered a copy with notice of entry to plaintiff's counsel on the same day.

The physicians entered a default judgment on April 23, 1993 precluding plaintiff from offering certain evidence at trial against them and dismissing the action in its entirety. A copy of the default judgment was mailed to plaintiff's counsel by regular mail on the same day. Counsel for the physicians received the discovery responses three days later on April 26, 1993.

Plaintiff did not appeal from any of the default judgments but, rather, on April 14, 1994 separately moved to vacate the default judgments entered on April 8, 1993 and April 23, 1993 pursuant to CPLR 5015 (a) (1) (as to the physicians) and CPLR 5015 (a) (3) and (4) (as to the hospital). Supreme Court subsequently held that plaintiff's remedy for the default judgment entered April 23, 1993 was an appeal, not a motion to vacate pursuant to CPLR 5015 (a) (1), and denied both of plaintiff's motions to vacate.

Supreme Court's order denying plaintiff's motions to vacate the default judgments was not improper and should be affirmed. Supreme Court properly held that plaintiff's remedy was an appeal from the default judgments entered pursuant to CPLR 3126 (3) *(see, Banner Serv. Corp. v Hall,* 185 AD2d 613; *Champion v Wilsey,* 150 AD2d 833, 834; *Pergamon Press v Tietze,* 81 AD2d 831, 832, *lv dismissed* 54 NY2d 605). An order

entered pursuant to CPLR 3126 (3) is directly appealable because it is made on notice enabling the defaulting party to contest the motion *(Champion v Wilsey, supra,* at 834) and "allowing a defaulting party to proceed by way of CPLR 5015 (a) (1) would grant him an extension of time in which to appeal, a result anathema *to the legislative intent of CPLR 5513" (supra,* at 834). Further plaintiff failed to establish entitlement to relief under CPLR 5015 in any event.

Plaintiff's argument that her service of a bill of particulars on the hospital complied with Supreme Court's order requiring responses to the hospital's demands for witnesses, expert information, medical authorization and collateral sources, entered February 11, 1993 and served on the hospital on February 16, 1993 with notice of entry, is not persuasive. Plaintiff's claim that her service of the bill of particulars on the hospital complied with the hospital's discovery demands because of the language of the order cannot be taken seriously in view of the extensive delays surrounding issuance of the orders and the fact that the failure to respond to discovery demands was the real issue. Significantly, Supreme Court noted in its decision that plaintiff still had not complied with that part of its order of February 1, 1993 requiring compliance with the hospital's discovery demands.

Moreover, plaintiff maintains in her reply brief on appeal that she does not contest the underlying orders compelling disclosure, but rather argues that she has complied with them and desires to vacate the default judgments in order to show her compliance. She claims that otherwise she would have no remedy. However, this argument fails as plaintiff has not submitted sufficient credible factual proof of compliance with the orders before the time to do so expired. She has not demonstrated that her cause of action is meritorious or that she had a reasonable excuse for failing to comply with the orders. Supreme Court also indicated that it found that plaintiff had also failed to demonstrate a lack of jurisdiction *(see,* CPLR 5015 [a] [4]). Plaintiff also failed to furnish medical proof showing that she had a meritorious medical malpractice cause of action against the physicians. Finally, we do not find this an appropriate case for review of the default judgments in the exercise of a court's inherent power to review its own judgments.

Crew III, Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with one bill of costs.