■ SUHASINI PINAPATI, Appellant, v JAYAKUMAR PAGADALA, Respondent. [664 NYS2d 161] —Carpinello, J. Appeals (1) from an order of the Supreme Court (Graffeo, J.), entered January 22, 1997 in Albany County, which granted defendant's motion to vacate a default judgment of divorce, and (2) from an order of said court, entered February 25, 1997 in Albany County, which, *inter alia*, ordered plaintiff to file a statement of net worth.

A detailed analysis of the procedural history of this case is required in order to determine whether Supreme Court properly granted defendant's motion to vacate a default judgment of divorce. In August 1993, plaintiff commenced an action for divorce against defendant on the alternative grounds of cruel and inhuman treatment and living separate and apart pursuant to an April 1982 separation agreement. Issue was thereafter joined. On March 9, 1994, plaintiff moved for a protective order relative to defendant's demands for financial information from her. The basis for the order was that the parties' separation agreement, having never been invalidated, precluded disclosure of the parties' respective financial status. Defendant opposed the motion and cross-moved to, *inter alia*, set aside the separation agreement and compel discovery. The basis for his cross motion to set aside the separation agreement was the parties' failure to live separate and apart as required by Domestic Relations Law § 170 (6) (notably this was the second time similar relief had been requested by defendant as he had moved in October 1993 for, *inter alia*, summary judgment on the second cause of action). Supreme Court (Kahn, J.) granted plaintiff's motion for an order of protection and denied defendant's cross motion to invalidate the separation agreement. No appeal was taken by defendant from this order.

In November 1995, an order compelling defendant to comply with discovery was entered. In January 1996, plaintiff moved to strike defendant's answer for failure to comply with this discovery order and for a judgment of divorce based upon the separation agreement. On January 17, 1996, defendant, through newly retained counsel, opposed plaintiff's motion arguing that defendant did not willfully fail to comply with court orders regarding discovery and that the separation agreement was never adhered to by the parties.[1] By order entered February 21, 1996, Supreme Court granted plaintiff's motion.

1. Plaintiff's counsel urged Supreme Court not to consider the submissions of defendant's counsel because they were untimely; the court, however,

In both the order and judgment granting the motion, as well as the proposed findings of fact and conclusions of law, the court inaccurately indicated that defendant failed to appear. Plaintiff subsequently moved to resettle the findings of fact and conclusions of law and the judgment and order to reflect the fact that defendant had indeed appeared and opposed. This motion was granted by order entered June 14, 1996.

By his third attorney of record, defendant appealed the February 21, 1996 order to this Court. Plaintiff's subsequent motion to dismiss the appeal for failure to prosecute was granted upon consent of defendant's counsel. An appeal from the resettled order was filed July 16, 1996. Plaintiff's application to strike this second notice of appeal as untimely was not opposed and this Court granted the motion.

In July 1996, defendant moved by order to show cause to vacate the February 21, 1996 judgment and order pursuant to CPLR 5015 on the ground that defendant's default was excusable and that there is a meritorious defense to the action. Supreme Court granted defendant's motion under the mistaken belief that defendant's attorney "failed to oppose plaintiff's motion to strike defendant's answer". Plaintiff appeals from the order granting defendant's motion to vacate, as well as a subsequent order requiring her to, *inter alia*, disclose her net worth and file an appraisal of real property.

Relying on precedent which precludes a direct appeal from a default judgment, defendant argues that the proper procedure in these circumstances is a motion to vacate the order and judgment pursuant to CPLR 5015. However, where the default is predicated upon CPLR 3126, an appeal of that order or judgment is the proper and sole remedy for the defaulting party (*see, Schwenk v St. Peter's Hosp.*, 215 AD2d 906, 907, *lv dismissed* 86 NY2d 838; *Banner Serv. Corp. v Hall*, 185 AD2d 613; *Pergamon Press v Tietze*, 81 AD2d 831, 832, *lv dismissed* 54 NY2d 830). An order entered pursuant to CPLR 3126 (3) is appealable because it is made on notice to the defaulting party, thereby enabling that party to contest it (*see, Champion v Wilsey*, 150 AD2d 833, 834). Here, defendant fully opposed and contested plaintiff's January 1996 motion. Permitting a defaulting party to proceed by way of a CPLR 5015 (a) (1) motion would effectively grant that party an extension of time in which to appeal, "a result anathema to the legislative intent of CPLR 5513" (*Champion v Wilsey, supra*, at 834). Because defendant's sole remedy for the default judgment was an appeal, not a

---

considered the late papers and permitted plaintiff's counsel to submit reply papers, which he did.

CPLR 5015 (a) (1) motion, Supreme Court erred in granting the motion.[2]

Even if CPLR 5015 was the proper procedural mechanism, we would nevertheless find that defendant was not entitled to vacatur of the judgment. In order to obtain this relief, defendant would have had to establish both a reasonable excuse for his default and a meritorious defense (*see, e.g., Koch v Koch,* 198 AD2d 701, *lv dismissed* 83 NY2d 847). Although the requirements for vacating default judgments are to be applied less rigorously in matrimonial actions (*see, O'Brien v O'Brien,* 149 AD2d 830, 831), defendant was incapable of making a sufficient showing based upon his prior conduct of willful nondisclosure in this case.

Moreover, with respect to his purported meritorious defense, defendant alleged that within one year from the date of the separation agreement the parties reconciled and resided together as husband and wife. Defendant referenced the parties' acquisition of real and personal property after the separation agreement to support this allegation. Supreme Court, however, had previously rejected this argument when it denied defendant's March 1994 cross motion to set aside the separation agreement. In that cross motion, defendant similarly argued that there was no physical separation of the parties following the separation agreement and that they did not live separate and apart pursuant to Domestic Relations Law § 170 (6). In that cross motion, defendant also pointed out to the court that the parties acquired real and personal property following the separation agreement. Notwithstanding these allegations, Supreme Court entered an order denying the cross motion, from which, as previously noted, defendant did not appeal.

"When a court makes a legal determination in a case, that determination, if not appealed from, becomes the 'law of the case' and controls when the question which led to it is again presented in that same case" (28 NY Jur 2d, Courts and Judges, § 236, at 296). Under the law of the case doctrine—designed "to give conclusive effect even to motions within actions" (Siegel, NY Prac § 448, at 681 [2d ed]), defendant was precluded from attempting to establish for the third time that the separation agreement should not be enforced because the parties failed to live separate and apart for the requisite time period. Because defendant's allegation of a meritorious defense

---

2. We are not persuaded that this Court's decision in *Ryan v Ryan* (177 AD2d 895) mandates a contrary result as it does not appear that this procedural argument was raised in that case.

was premised on an argument twice rejected by Supreme Court, the law of the case doctrine required that the court deny this third attempt.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the orders are reversed, on the law, without costs, and motions denied.

