■ RAYMOND D. FISH, SR., et al., as Administrators of the Estate of RAYMOND D. FISH, JR., Deceased, Respondents, v KANDACE C. FISH, Appellant. [674 NYS2d 879] —Mikoll, J. P. Appeal from an order of the Supreme Court (Keegan, J.), entered July 14, 1997 in Albany County, which denied defendant's motion to vacate a judgment of divorce.

Defendant and plaintiff[1] were married on September 17, 1988. Defendant left the marital residence in either January 1994 or 1995.[2] On December 9, 1996, plaintiff commenced an action for divorce based on abandonment. After defendant was served at her place of employment, she wrote to plaintiff's counsel advising, *inter alia*, that she was contesting the grounds for the divorce but that after receiving advice from several attorneys, she would not be retaining counsel. Defendant further stated that if plaintiff insisted on proceeding with the divorce based on abandonment, she demanded a cashier's check for $5,000 but that she would agree to the divorce "no strings no money" if the grounds were changed to adultery.

1. References to plaintiff denote Raymond D. Fish, Jr., although following his death his parents were substituted as plaintiffs by Supreme Court.

2. Plaintiff's verified complaint alleges that defendant left the marital residence in January 1994, while defendant has indicated she left in January 1995.

On December 28, 1996, counsel for plaintiff wrote to defendant acknowledging receipt of her letter as an appearance and enclosing a copy of the verified complaint. Although defendant submitted an affidavit herein denying that she ever received the complaint, she has subsequently acknowledged its receipt. When, by January 28, 1997, defendant had not answered the complaint, counsel for plaintiff filed his papers for a default judgment, including a request for judicial intervention and note of issue indicating that defendant was in default for failing to answer the complaint. Plaintiff's counsel did not provide defendant with the five days' notice pursuant to CPLR 3215 (g) (1). On February 12, 1997, Supreme Court granted the divorce based upon defendant's default; defendant received a copy of this default judgment on February 18, 1997.

On March 24, 1997, while in the course of his employment as an ambulance driver, plaintiff was killed in a motor vehicle accident involving an allegedly intoxicated driver. On April 16, 1997, defendant moved, by order to show cause, to vacate the judgment of divorce pursuant to CPLR 5015 based upon excusable default and fraud, misrepresentation or misconduct of plaintiff. From Supreme Court's denial of defendant's motion to vacate, defendant appeals.

We affirm, finding that Supreme Court did not abuse its discretion in denying defendant's motion to vacate the judgment. Her argument for vacatur pursuant to CPLR 5015 (a) (3) is without merit. Contrary to defendant's assertion of fraud or misrepresentation, the affidavit of regularity submitted by counsel for plaintiff recited that defendant was in default for failure to serve an answer within the prescribed time; nowhere does counsel indicate that defendant failed to appear.

While defendant correctly claims that she did not receive notice of default proceedings pursuant to CPLR 3215 (g) (3), this failure, without more, does not mandate vacatur of the default judgment (*see, Fleet Fin. v Nielsen*, 234 AD2d 728, 729-730). Notwithstanding the relaxed requirements for vacating default judgments in matrimonial actions, a movant "must show a valid excuse for the default, a meritorious defense and the absence of willfulness" (*O'Brien v O'Brien*, 149 AD2d 830, 831; *see, Pinapati v Pagadala*, 244 AD2d 676; *Hergerton v Hergerton*, 235 AD2d 395; *Ryan v Ryan*, 177 AD2d 895). Defendant's claims of reconciliation, justification for the abandonment and continuing marital relations with plaintiff are supported only by her own affidavits. Defendant's words and actions prior to his death evince contrary sentiments. In her letter to plaintiff's counsel, defendant expresses a willingness to be divorced from

plaintiff and is concerned only with the specific grounds or the payment of a sum of money. Moreover, she took no action to vacate the judgment before his death and has conceded that her ultimate interest is a wrongful death recovery. Under these circumstances, the record amply supports Supreme Court's determination that defendant failed to establish a reasonable excuse for the default, the existence of a meritorious defense or the absence of willfulness.

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.