■ In the Matter of STATE FARM INSURANCE COMPANY, Respondent, v EAGLE INSURANCE COMPANY, Appellant, et al., Respondents. [698 NYS2d 323] —In a proceeding pursuant to CPLR article 75 for a permanent stay of an uninsured motorist arbitration, Eagle Insurance Company appeals from an order of the Supreme Court, Nassau County (O'Shaughnessy, J.H.O.), dated August 19, 1998, which granted the petition.

Ordered that the appeal is dismissed, with costs.

The record on appeal contains no proof that the appellant, Eagle Insurance Company (hereinafter Eagle), submitted any papers in opposition to the petition for a stay. The record is likewise devoid of proof that any evidentiary hearing was held, and, in its respondent's brief, State Farm Insurance Company advises that a hearing which had been scheduled was in fact canceled after a representative of nonparty Allstate Insurance Company (hereinafter Allstate) informed the Supreme Court that Allstate, rather than Eagle, insured the offending vehicle. There is, in sum, no proof that Eagle ever formally opposed the petition for a stay, and hence the order granting the petition was made without opposition. No appeal lies from an order entered upon the default of the appealing party (*see,* CPLR 5511; *see, e.g., Russo v D'Urso,* 262 AD2d 298; *Marquise Collection v M.A.S. Textiles Corp.,* 239 AD2d 470; *Matter of Aetna Cas. & Sur. Co. v Serrano,* 181 AD2d 731). Bracken, J. P., Krausman, McGinity and Schmidt, JJ., concur.