■ SHOAOLLAH FARHADI-JOU, Appellant, v KEY BANK OF NEW YORK, Respondent. [768 NYS2d 418]—

Peters, J. Appeal from an order of the Supreme Court (Ryan, J.), entered August 28, 2002 in Clinton County, which granted defendant's motion to strike the complaint.

In October 2000, plaintiff served a summons with notice. In response to defendant's December 2000 demand for a complaint, plaintiff served a summons and complaint in January 2001 which defendant timely answered. On March 29, 2001, defendant made a combined demand for discovery and its first set of interrogatories. When plaintiff neither objected nor responded to these requests, defendant left several telephone messages urging compliance. These requests were followed by a letter in May and then in August, the last of which cautioned that if responses were not received by August 22, 2001 or another agreed upon date, judicial intervention would be sought. A letter dated

August 21, 2001 reflected the parties' agreement to have all responses provided by September 7, 2001. When no responses were received by that date, plaintiff agreed to serve the responses shortly; he failed to do so. On September 26, 2001, defendant moved to strike plaintiff's complaint or, in the alternative, to compel discovery. Plaintiff received the motion but failed to answer or request an adjournment. Supreme Court granted defendant's motion, dismissed the complaint with prejudice, and this appeal ensued.

It is established that pursuant to CPLR 5511, there is no appeal from an order entered upon the default of an appealing party since "having permitted the default to occur, the defaulter is not aggrieved by the occurrence" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5511:1, at 128). The defaulting party's sole remedy is to move to vacate the default judgment before the court that issued the order " 'and, if the motion is denied, to appeal the order denying the motion' " (*State Empls. Fed. Credit Union v Starke*, 274 AD2d 656, 658 [2000], quoting *Myers & Co. v Owsley & Sons*, 192 AD2d 927 [1993]; *see Pinapati v Pagadala*, 244 AD2d 676, 677 [1997]; *Smith v City of New York*, 238 AD2d 574, 574 [1997]; *Kutin v Advanced Med. Imaging Assoc.*, 201 AD2d 538, 538-539 [1994]; *Kelly v Long Is. Coll. Hosp.*, 199 AD2d 244, 245 [1993]). While we recognize an exception to this rule where the default is entered pursuant to CPLR 3126 (3) (*see Pinapati v Pagadala, supra* at 677; *Schwenk v St. Peter's Hosp. of City of Albany*, 215 AD2d 906, 907-908 [1995], *lv dismissed* 86 NY2d 838 [1995]; *see also Banner Serv. Corp. v Hall*, 185 AD2d 613, 613 [1992]; *Pergamon Press v Tietze*, 81 AD2d 831, 832 [1981], *lv dismissed* 54 NY2d 605 [1981]), such exception would not be applicable here since there was no previous application made on notice which would have enabled the defaulting party, here plaintiff, to contest the factual basis underlying the motion (*see Pinapati v Pagadala, supra* at 677; *Schwenk v St. Peter's Hosp. of City of Albany, supra* at 908; *Banner Serv. Corp. v Hall, supra* at 613; *Pergamon Press v Tietze, supra* at 832). Consequently, the appeal must be dismissed.

Mercure, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the appeal is dismissed, with costs.