[862 NYS2d 675]

CHRISTINE LAUER, Appellant, v CITY OF BUFFALO et al., Defendants, and NIAGARA FRONTIER TRANSIT AUTHORITY et al., Respondents.

Fourth Department, July 3, 2008

**APPEARANCES OF COUNSEL**

*Nelson S. Torre*, Buffalo, for plaintiff-appellant.

*Chelus, Herdzik, Speyer & Monte, P.C.*, Buffalo (*Thomas J. Speyer* of counsel), for defendants-respondents.

**OPINION OF THE COURT**

HURLBUTT, J.P.

The primary issue presented on this appeal is whether a party who has failed to comply with a conditional order striking its answer as a discovery sanction pursuant to CPLR 3126 (3) may seek relief from its default in failing to comply by a motion to vacate that order pursuant to CPLR 5015 (a) (1). We conclude that such relief is available, and we further conclude that Supreme Court properly granted the motion of defendants Niagara Frontier Transit Authority and NFT Police Department (collectively, NFTA defendants) pursuant to CPLR 5015 (a) (1) seeking that relief. We thus conclude that the order should be affirmed.

Plaintiff commenced this action alleging that she was wrongfully taken into custody by police officers of the NFTA defendants and the police department of defendant City of Buffalo, seeking damages based on theories of false arrest, unlawful imprisonment, assault and battery, malicious prosecution, intentional infliction of emotional distress, and defamation. After the NFTA defendants failed to respond to her discovery demands, plaintiff moved for an order striking their answer based on that failure (*see* CPLR 3126 [3]) or, alternatively, a 30-day conditional order. The NFTA defendants filed no papers in opposition to the motion, and the attorney representing them at that time did not appear on the date set for argument. That attorney, however, subsequently requested in a letter to plaintiff's attorney that plaintiff's attorney "agree to a conditional 30-day order that will allow time for the substitution of counsel and the preparation of responses to your demands." Supreme Court (Peradotto, J.) issued an order providing that, upon the failure of the NFTA defendants to provide discovery responses within

30 days of service of the order with notice of entry, "the Answer of the [NFTA defendants] is hereby stricken without further Order of this Court." Prior to the substitution of counsel, the attorney for the NFTA defendants was served with a copy of the order and notice of entry by mail on November 1, 2006 but failed to furnish any discovery responses within 30 days thereafter. On January 19, 2007, the NFTA defendants, who by that time were represented by a new attorney, moved for relief from their default pursuant to CPLR 5015 (a) (1). The court (Fero-leto, J.) granted the motion, reinstated the answer of the NFTA defendants, imposed a monetary sanction, and ordered that those defendants provide discovery responses within two weeks.

Relying, inter alia, on the decision of this Court in *Banner Serv. Corp. v Hall* (185 AD2d 613 [1992]), plaintiff contends on appeal that the sole remedy of the NFTA defendants was to have taken an appeal from the conditional order striking their answer and that relief pursuant to CPLR 5015 (a) (1) was not available. We reject that contention. Indeed, when a motion is granted upon default, the defaulting party is statutorily barred from taking an appeal from the resulting order, and its sole remedy is a motion to vacate the order entered upon its default (*see* CPLR 5511; *Wohl v Wohl*, 26 AD3d 326, 327 [2006]; *Matter of State Farm Ins. Co. v Eagle Ins. Co.*, 266 AD2d 397 [1999]). That principle applies equally where a conditional order is entered upon the consent of the appealing party (*see Matter of Forbus v Stolfi*, 99 NY2d 642 [2003]; *Matter of Shteierman v Shteierman*, 29 AD3d 810 [2006]).

We conclude that, where a pleading is stricken based on a self-executing conditional order, the appropriate vehicle for relief is a motion to vacate the conditional order pursuant to CPLR 5015 (a) (1), not an appeal from the conditional order (*see e.g. Wilson v Galicia Contr. & Restoration Corp.*, 8 AD3d 560 [2004]; *see also Albion Grain Co. v Howard Farms*, 79 AD2d 881 [1980]). To the extent that we held otherwise in *Banner* (185 AD2d 613 [1992]), that decision is no longer to be followed.

Our analysis begins with the decision in *Pergamon Press v Tietze* (81 AD2d 831 [1981], *lv dismissed* 54 NY2d 605 [1981]), a case in which the Second Department held that relief pursuant to CPLR 5015 (a) (1) was not available where the defendant was able to take an appeal from an order granting the plaintiffs' motion for relief pursuant to CPLR 3126 (3). In that case, the defendant had repeatedly failed to comply with orders compelling discovery and directing that he appear for a deposition. The

plaintiffs then moved, inter alia, for an order striking the defendant's answer pursuant to CPLR 3126 (3). Although the motion was "vigorously contested" by the defendant, it was granted (81 AD2d at 832). The defendant took no appeal from the order granting the motion but, after the time to appeal therefrom had expired, he moved for CPLR 5015 (a) (1) relief and his motion was denied. In affirming the order denying the motion, the Second Department reasoned that, because the order striking the answer was obtained on a noticed—and contested—motion, "to permit [the] defendant to obtain relief under CPLR 5015 [(a) (1)] would permit relitigation of the very issue previously contested and decided, to wit, whether there was an excusable failure on [the] defendant's part to comply with the disclosure orders" (id. at 832). The same reasoning has been applied in similar cases in which there were discovery defaults followed by a noticed and contested motion to strike the pleading of the noncompliant party (see e.g. Pinapati v Pagadala, 244 AD2d 676, 677-678 [1997]; Champion v Wilsey, 150 AD2d 833, 834 [1989]). Indeed, "[p]ermitting [the noncompliant] party to proceed by way of a CPLR 5015 (a) (1) motion would effectively grant that party an extension of time in which to appeal, 'a result anathema to the legislative intent of CPLR 5513' " (Pinapati, 244 AD2d at 677, quoting Champion, 150 AD2d at 834).

But where, as here, a noncompliant party has defaulted on a motion seeking a conditional order to strike its pleading or had consented to the conditional order before failing to comply with it, that party has had no opportunity to offer a reasonable excuse for the default. Nor has that party had the opportunity to establish a meritorious claim or defense, the additional prerequisite to relief under CPLR 5015 (a) (1) (see generally Gray v B. R. Trucking Co., 59 NY2d 649, 650 [1983], rearg dismissed 59 NY2d 966 [1983], 60 NY2d 586 [1983]). Under such circumstances, an appeal is not only expressly precluded by CPLR 5511, it also would be an empty exercise, given the lack of any record on those issues. Moreover, even where a motion for a conditional order to strike a pleading has been opposed, if the motion is granted and the conditional order by its terms is self-executing upon the failure to comply with its conditions, there likewise has been no opportunity to present an excuse for that default or a meritorious claim or defense, and thus there likewise is no record on those issues.

Turning to the merits of the motion of the NFTA defendants pursuant to CPLR 5015 (a) (1), we have already noted the well-

settled rule that a party seeking relief from its default "must demonstrate both a reasonable excuse for the default and the existence of a meritorious defense" (*Orwell Bldg. Corp. v Bessaha*, 5 AD3d 573, 574 [2004], *appeal dismissed* 3 NY3d 703 [2004]). The determination whether an excuse is reasonable lies within the sound discretion of the motion court (*see SS Constantine & Helen's Romanian Orthodox Church of Am. v Z. Zindel, Inc.*, 44 AD3d 744 [2007]; *Hageman v Home Depot U.S.A., Inc.*, 25 AD3d 760, 761 [2006]). "Under appropriate circumstances, a court has the discretion to accept law office failure as a reasonable excuse" (*SS Constantine & Helen's Romanian Orthodox Church of Am.*, 44 AD3d at 745; *see* CPLR 2005; *Yacone v Ryan Homes*, 216 AD2d 963 [1995]). Here, the NFTA defendants submitted the affidavit of their original attorney, in which he explained that his failure to respond to plaintiff's CPLR 3126 (3) motion and his failure to comply with the conditional order in a timely manner were inadvertent and were due to the closure of his law office and his having taken a position with another firm. Given those circumstances, together with the prompt motion of the NFTA defendants for relief, the absence of prejudice to plaintiff, and "the strong public policy in favor of resolving cases on the merits," we conclude that the court did not abuse its discretion in determining that the NFTA defendants had established a reasonable excuse for their default (*Orwell Bldg. Corp.*, 5 AD3d at 574; *see Hageman*, 25 AD3d at 761; *Matter of Macias v Motor Veh. Acc. Indem. Corp.*, 10 AD3d 396, 397 [2004]; *Steinbarth v Otis El. Co.*, 244 AD2d 930 [1997]; *Yacone*, 216 AD2d at 963).

Further, the record establishes that the NFTA defendants demonstrated a meritorious defense by submitting the affidavits of two of their police officers concerning the circumstances of their conduct toward plaintiff during the incident in question. Accordingly, we conclude that the court properly granted the motion of the NFTA defendants for relief from their default in failing to comply with the conditional order striking their answer and that the order should be affirmed.

LUNN, FAHEY and PINE, JJ., concur.

It is hereby ordered that the order so appealed from is unanimously affirmed, without costs.