Order, Supreme Court, New York County (Jane S. Solomon, J.), entered July 27, 2011, which, in this personal injury action, granted plaintiff’s motion to vacate an order, same court and Justice, entered January 25, 2011, granting defendants’ motion and third-party defendant MC&O Contracting, Inc.’s cross motion -to strike the complaint pursuant to CPLR 3126, unanimously reversed, on the law, without costs, and plaintiffs motion denied. The Clerk is directed to enter judgment dismissing plaintiffs complaint.
*563 Although “there is a strong public policy favoring resolution of cases on the merits” (Ferguson v Hess Corp., 89 AD3d 599, 599 [2011]), the excuse plaintiff offered for his failure to attend multiple depositions and to keep in contact with his counsel was unreasonable. The affidavit plaintiff submitted in support of his motion fails to mention, let alone explain, how he was unaware of the deposition scheduled for June 23, 2010, when he executed medical authorizations a mere 20 days earlier. Nor did plaintiff s counsel demonstrate that they undertook reasonable efforts to locate plaintiff. As a “plaintiffs failure to maintain contact with his attorney and to keep himself apprised of the progress of his lawsuit [does not] constitute a reasonable excuse for [a] default,” plaintiffs motion should have been denied (Sheikh v New York City Tr. Auth., 258 AD2d 347 [1999]).
Plaintiffs arguments pertaining to defendants’ motion and MC&O’s cross motion to strike the complaint are misplaced, as plaintiff never appealed from the order granting those motions (see Pergamon Press v Tietze, 81 AD2d 831 [1981], lv dismissed 54 NY2d 605 [1981]). In any event, the arguments are unavailing. Concur — Mazzarelli, J.P., Saxe, DeGrasse, Richter and Abdus-Salaam, JJ.