# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1385**

**CA 12-01068**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

IN THE MATTER OF THE FORECLOSURE OF TAX
LIENS BY PROCEEDING IN REM PURSUANT TO
ARTICLE 11 OF THE REAL PROPERTY TAX LAW
BY COUNTY OF LIVINGSTON, RELATING TO THE          MEMORANDUM AND ORDER
2009 TOWN AND COUNTY TAX.
----------------------------------------------
COUNTY OF LIVINGSTON, PETITIONER-APPELLANT;

JEFFREY MORT, RESPONDENT-RESPONDENT.

JASON S. DIPONZIO, ROCHESTER, FOR PETITIONER-APPELLANT.

DIBBLE & MILLER, P.C., ROCHESTER (G. MICHAEL MILLER OF COUNSEL), FOR
RESPONDENT-RESPONDENT.

Appeal from an order of the Supreme Court, Livingston County (Dennis S. Cohen, A.J.), entered September 26, 2011. The order granted respondent's motion to vacate a default judgment in a tax foreclosure proceeding.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to RPTL article 11, petitioner appeals from an order granting respondent's motion pursuant to RPTL 1131 to vacate the default judgment of foreclosure. Contrary to the contention of petitioner, we conclude that Supreme Court did not abuse its discretion in granting the motion.

To establish an excusable default under CPLR 5015 (a) (1), the defaulting party must proffer a reasonable excuse for the default as well as a meritorious defense to the action or proceeding (*see Lauer v City of Buffalo*, 53 AD3d 213, 216-217; *Matter of Clinton County [Miner]*, 39 AD3d 1015, 1016; *Matter of Jefferson County*, 295 AD2d 934, 934). "The determination whether an excuse is reasonable lies within the sound discretion of the motion court" (*Lauer*, 53 AD3d at 217). "In making [its] discretionary determination, the court should consider relevant factors, such as the extent of the delay, prejudice or lack of prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (*Moore v Day*, 55 AD3d 803, 804; *see Puchner v Nastke*, 91 AD3d 1261, 1262; *Kahn v Stamp*, 52 AD2d 748, 749).

Here, we conclude that the court did not abuse its discretion in

determining that respondent had a reasonable excuse for his default and a meritorious defense to the proceeding (*see Lauer*, 53 AD3d at 217; *see generally Solomon Abrahams, P.C. v Peddlers Pond Holding Corp.*, 125 AD2d 355, 357). Respondent moved to vacate the default judgment on July 22, 2011, just four days after the default judgment of foreclosure was entered. Although respondent failed to interpose an answer to the petition and notice of foreclosure, he averred that, prior to the June 13, 2011 redemption date, he twice contacted petitioner to advise it of his situation and that he intended to pay all taxes due. Notably, petitioner does not contend that it suffered any prejudice attributable to respondent's delay, and we discern none on this record. Indeed, although the default judgment ordered the transfer of title to petitioner, the record establishes that the property had not yet been auctioned when respondent moved to vacate the default. Unlike the defaulting parties in the cases cited by petitioner (*see e.g. Katz v Marra*, 74 AD3d 888, 891, *appeal dismissed* 15 NY3d 837), respondent does not contend that he could not afford to pay his taxes. Rather, respondent averred that he took steps to secure the necessary funds prior to the date of redemption, but that he did not receive those funds until approximately one month after the redemption date.

In sum, " '[g]iven the brief overall delay, the promptness with which [respondent] moved to vacate the judgment, the lack of any intention on [respondent's] part to abandon the [proceeding], [petitioner's] failure to demonstrate any prejudice attributable to the delay, and the preference for resolving disputes on the merits,' " we conclude that the court did not abuse its discretion in vacating the default judgment (*Crandall v Wright Wisner Distrib. Corp.*, 59 AD3d 1059, 1060).

Entered: December 28, 2012                     Frances E. Cafarell
Clerk of the Court