Matuszewski v City of New York (2018 NY Slip Op 05029)





Matuszewski v City of New York


2018 NY Slip Op 05029


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2015-09638
 (Index No. 501733/13)

[*1]Adam Matuszewski, appellant, 
v
City of New York, et al., defendants second third-party plaintiffs- respondents, Skanska/Picone II, etc., et al., defendants third-party plaintiffs-respondents, et al., defendant; Welsbach Electrical Corp., third-party/second third-party defendant- respondent.


Held & Hines, LLP, Brooklyn, NY (James K. Hargrove and Scott Richman of counsel), for appellant.
Fabiani Cohen & Hall, LLP, New York, NY (Tara A. Johnson, Kevin B. Pollack, and Allison Snyder of counsel), for defendants second third-party plaintiffs-respondents and defendants third-party plaintiffs-respondents.
London Fischer LLP, New York, NY (James Walsh and Daniel C. Perrone of counsel), for third-party/second third-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated September 11, 2015. The order denied the plaintiff's motion pursuant to CPLR 5015(a) to vacate, or, in the alternative, modify a conditional order of preclusion of the same court dated March 25, 2015, and a final order of preclusion of the same court dated May 18, 2015, directing dismissal of the complaint.
ORDERED that the order dated September 11, 2015, is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
The plaintiff allegedly was injured at work when he slipped or tripped on certain construction materials at the job site, and fell into an uncovered hole. The plaintiff commenced this action to recover damages for personal injuries against, inter alia, the City of New York and the New York City Department of Environmental Protection (hereinafter together the City), and Skanska/Picone II, J.V., Slattery Skanska, Inc., and Skanska, USA Civil Northeast, Inc. (hereinafter collectively Skanska). Skanska and the City separately commenced third-party actions against Welsbach Electrical Corp.
The City and Skanska moved pursuant to CPLR 3126 to strike the complaint based on the plaintiff's alleged failure to respond to their discovery requests, which were the subject of prior orders, including a preliminary conference order directing the plaintiff to provide the requested discovery. The plaintiff opposed the motion. By order dated March 25, 2015, the Supreme Court [*2]conditionally granted their motion unless the plaintiff produced all outstanding discovery within 45 days. When the plaintiff failed to comply, the court issued a final order of preclusion dated May 18, 2015, which directed dismissal of the complaint.
The plaintiff moved pursuant to CPLR 5015(a) to vacate, or, in the alternative, to modify the conditional order of preclusion and the final order of preclusion. In the order appealed from, the Supreme Court denied that motion. The plaintiff appeals. We affirm.
Since no appeal was taken from the conditional order of preclusion, the propriety of that order is not properly before us (see Spann v Ellis , 131 AD2d 830; Pergamon Press v Tietze , 81 AD2d 831, 832). The plaintiff also seeks to vacate the final order of preclusion, on the ground that he substantially complied with the conditional order of preclusion.
The plaintiff's allegations of compliance are belied by the record. He failed to provide, inter alia, a supplemental bill of particulars, and many of the requisite medical authorizations.
The plaintiff's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to deny the plaintiff's motion.
DILLON, J.P., CHAMBERS, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court