■ JULIE S. DIACHUK, Respondent, v WALTER O. DIACHUK, Appellant. (Appeal No. 1.)—Order, insofar as appealed from, unanimously modified, on the law, and as modified, affirmed, without costs, and matter remitted to Supreme Court, Monroe County, for further proceedings, in accordance with the following memorandum: The court did not err in denying defendant's motion to vacate a default judgment of divorce because defendant failed to establish a meritorious defense to plaintiff's allegations of cruel and inhuman treatment (CPLR 5015

[a] [1]; *see, Biamonte v Biamonte,* 57 AD2d 1052, 1053). However, in determining the distribution of the parties' property, the court made no findings of fact, nor did it "set forth the factors it considered and the reasons for its decision" (Domestic Relations Law § 236 [B] [5] [g]). Such findings and reasons may not be waived by either party (Domestic Relations Law § 236 [B] [5] [g]). Consequently, the judgment, insofar as it determines the property rights of the parties, cannot stand *(Conde v Conde,* 96 AD2d 747; *Hanford v Hanford,* 91 AD2d 829, 830). Prior to the entry of judgment, the court allowed defendant to submit an affidavit attesting to his financial circumstances and, although the parties' affidavits contained conflicting allegations concerning their ownership interests in separate and marital property, the court did not hold a hearing on the issue of equitable distribution. We hold that, upon remittitur, the trial court should hold a hearing to allow defendant to develop his allegations as to the respective financial circumstances of the parties *(see, Cocchia v Cocchia,* 74 AD2d 592, 593). Therefore, the order appealed from is modified to grant defendant's motion to the extent that the judgment, insofar as it determines the property rights of the parties pursuant to the Equitable Distribution Law, is vacated and the matter is remitted to the trial court for a hearing on the issue of equitable distribution, and for appropriate findings of fact and conclusions of law as required by statute (Domestic Relations Law § 236 [B] [5] [g]). This determination does not affect that portion of the judgment that granted plaintiff a divorce on the ground of cruel and inhuman treatment. (Appeal from order of Supreme Court, Monroe County, Siracuse, J.—vacate default judgment.) Present—Doerr, J. P., Denman, Green, O'Donnell and Schnepp, JJ.