■ ELEANOR HORVATH, Respondent, v ALEXANDER HORVATH, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals from so much of an order of the Supreme Court, Nassau County (Di Noto, J.), dated March 1, 1990, as denied his motion to dismiss the complaint for failure to state a cause of action.

Ordered that the order is modified, on the law, by deleting therefrom the provision denying that branch of the motion which was to dismiss the first cause of action, which sought a divorce on the ground of cruel and inhuman treatment, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Accepting as true the allegations in the complaint, as we must for the purposes of a motion to dismiss under CPLR 3211

(a) (7) *(see, Grand Realty Co. v City of White Plains,* 125 AD2d 639), we conclude that the court erred in denying that branch of the defendant husband's motion which was to dismiss the plaintiff wife's first cause of action, alleging cruel and inhuman treatment. The instances of cruelty alleged in this 45-year marriage show only strained relations and embarrassment rather than a course of conduct that would render it unsafe or improper for the plaintiff to cohabit with her husband *(see,* Domestic Relations Law § 170 [1]; *Hessen v Hessen,* 33 NY2d 406; *Lipset v Lipset,* 150 AD2d 648).

The plaintiff's second cause of action, alleging constructive abandonment through denial of sexual intimacy, was adequately supported by factual allegations, including the assertion that the plaintiff repeatedly requested a return to normal relations *(see, Gunn v Gunn,* 143 AD2d 393). Therefore, the court correctly denied that branch of the motion which was to dismiss that cause of action. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.