■ JOANNA R. MICHALEK, Respondent, v DONALD R. MICHALEK, Appellant.—Mercure, J. Appeal from an order of the Supreme Court (Connor, J.), entered December 20, 1990 in Columbia County, which, *inter alia,* denied defendant's motion to vacate a default judgment entered against him.

Plaintiff and defendant were married in 1966. Three children were born of the marriage, two of whom are now emancipated. The one minor child, Steven, was born on December 2, 1979. In May 1989, plaintiff commenced this divorce action alleging cruel and inhuman treatment. Within two weeks, plaintiff's attorney received a telephone call from an attorney who stated that he would be representing defendant and that he wanted an extension of time to appear. The request was granted. On June 8, 1989, plaintiff's attorney wrote to defendant's attorney and demanded that defendant answer the complaint within 30 days. Eventually, on January 23, 1990, following defendant's failure to appear or answer, plaintiff was granted a divorce by default. Supreme Court awarded custody of Steven to plaintiff and directed defendant to pay plaintiff $703 per month child support. Supreme Court also awarded plaintiff sole title to the marital residence and the furniture and furnishings therein upon the emancipation of Steven; exclusive possession of the marital residence and its contents during Steven's minority; one half of the balance of the marital property; and a portion of her counsel fees.

On August 8, 1990, defendant moved pursuant to CPLR 5015 (a) (1) to set aside the financial portions of the divorce judgment. Defendant claimed that by reason of his severe depression, he "was rendered unable to take any action whatsoever to participate in the defense of [the divorce] action". Defendant also challenged Supreme Court's findings of fact, arguing that an appraisal of the marital residence had not been provided to the court and, thus, the distribution of marital property was inequitable. Supreme Court, reasoning that defendant had not demonstrated a reasonable excuse for the default, denied the motion to vacate. This appeal ensued.

Although defendant has not demonstrated a reasonable

excuse for the default *(see, Ryan v Ryan,* 177 AD2d 895; *Antonovich v Antonovich,* 84 AD2d 799, 799-800), for the reasons that follow, the provisions of the judgment concerning equitable distribution must be set aside and the case remitted for a hearing. First, the judgment, insofar as it determines the property rights of the parties, cannot stand where the trial court fails to hear sufficient evidence to permit it to make a proper determination on the economic issues *(see, Otto v Otto,* 150 AD2d 57, 61; *Diachuk v Diachuk,* 117 AD2d 985, 986; *Cassano v Cassano,* 111 AD2d 208, 209-210). Here, Supreme Court awarded plaintiff sole title to the marital residence and its contents upon the emancipation of the parties' youngest child, and awarded her exclusive possession in the interim, without any evidence as to the value of these assets *(see, Cassano v Cassano, supra,* at 210; *see also, Danois v Danois,* 154 AD2d 504, 505). Similarly, there was no evidence presented as to the value of defendant's pension, the parties' vehicles and several other marital assets. In these circumstances, the provisions of the judgment relating to equitable distribution must be vacated. Second, Domestic Relations Law § 236 (B) requires any court making an equitable distribution award to consider certain enumerated factors (Domestic Relations Law § 236 [B] [5] [d] [1]-[13]), setting forth the factors that it considered and the reasons for its decision "and such may not be waived by either party or counsel" (Domestic Relations Law § 236 [B] [5] [g]; *see, Otto v Otto, supra).* In the instant case, Supreme Court failed to set forth the reasons for its decision or the factors it considered in determining the parties' respective rights in their separate or marital property *(see, Otto v Otto, supra,* at 62; *Chasnov v Chasnov,* 131 AD2d 624, 625). Although this court has the authority to make the required determination *(see, Majauskas v Majauskas,* 61 NY2d 481, 493-494), we decline to do so here given the state of this record *(see, Chasnov v Chasnov, supra).*

Accordingly, the judgment, insofar as it determines the property rights of the parties, is vacated and the matter is remitted to Supreme Court for a hearing on the issues relating to equitable distribution and for appropriate findings of fact and conclusions of law as required by statute (Domestic Relations Law § 236 [B] [5] [g]). Defendant may fully participate at this hearing by presenting his own direct case as well as cross-examining plaintiff's witnesses *(see, Danois v Danois, supra).* Finally, we note that our determination does not affect the provisions of the judgment which (1) granted plaintiff a divorce on the ground of cruel and inhuman treatment, (2)

granted plaintiff custody of the infant issue of the marriage, (3) directed defendant to pay child support, and (4) awarded plaintiff counsel fees. We also note that, pending a hearing, the award of exclusive possession of the marital residence and its contents shall continue.

Weiss, P. J., Levine and Casey, JJ., concur. Ordered that the order is modified, on the law, without costs, by granting defendant's motion to the extent of according defendant a hearing relative to the determination, valuation and equitable distribution of marital property; matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed.