■ Martin Passante, Respondent, v Carol Passante, Appellant. [615 NYS2d 105] —Casey, J. Appeal from an order of the Supreme Court (Williams, J.), entered October 8, 1993 in Sullivan County, which, inter alia, partially denied defendant's motion to dismiss the complaint.

Defendant claims that plaintiff's complaint in this divorce

action should have been dismissed in its entirety. We disagree. The first cause of action, which alleges constructive abandonment based upon defendant's unjustifiable refusal to cohabit and engage in marital relations with plaintiff for more than one year, is sufficient to survive a motion to dismiss (see, Diemer v Diemer, 8 NY2d 206, 210; Horvath v Horvath, 177 AD2d 617, 618). The inconsistency between the allegations of the first cause of action and third cause of action do not affect the validity of the pleading (see, CPLR 3014). As to the third cause of action, however, we agree with defendant that it fails to state a cause of action. Considering the lengthy term of the parties' marriage, the allegations establish, at most, strained relations and embarrassment, which do not rise to the level of cruel and inhuman treatment so endangering plaintiff's physical or mental well-being that it would be unsafe or improper for him to cohabit with defendant (see, Domestic Relations Law § 170 [1]; Hessen v Hessen, 33 NY2d 406; Horvath v Horvath, supra), particularly inasmuch as the parties have not cohabited for a substantial period (see, Dattoria v Dattoria, 161 AD2d 1009, 1010).

As to defendant's arguments concerning her attempts to change venue, venue in Sullivan County was clearly proper and Supreme Court did not abuse its discretion in denying defendant's motion to renew her prior motion to change venue, which had been denied due to the absence of a sufficient affidavit regarding prospective witnesses (see, Hurlbut v Whalen, 58 AD2d 311, 315-316). Defendant's motion to renew included affidavits from potential witnesses on the issue of abandonment. Defendant claims that she did not know which witnesses would be material until after the complaint was served, but abandonment was listed in the summons with notice. In any event, there is nothing in the affidavits to show that the witnesses have any knowledge on the issue central to plaintiff's constructive abandonment cause of action, i.e., whether defendant unjustifiably refused for more than one year to cohabit and engage in marital relations with plaintiff.

Mercure, J. P., White, Weiss and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by deleting the second decretal paragraph thereof and substituting therefor a provision which grants defendant's motion to dismiss the third cause of action in plaintiff's complaint, and, as so modified, affirmed.