■ Judith L. Hansen, Respondent, v Mark William Hansen, Appellant. [645 NYS2d 246] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court properly denied defendant's motion insofar as it sought to vacate a default judgment of divorce. Although courts have adopted a liberal policy of vacating default judgments in matrimonial actions, "it is still incumbent upon the moving defendant to proffer a reasonable excuse for the default and to demonstrate the existence of a meritorious defense" (*Walczak v Walczak*, 177 AD2d 1045; *see also, Fayet v Fayet*, 214 AD2d 534; *Schrader v Schrader*, 152 AD2d 987). Defendant failed to demonstrate a reasonable excuse for his default in answering the complaint.

We nevertheless conclude that the default should be opened and the judgment vacated with respect to property distribution, child support, maintenance and attorney's fees. In distributing the parties' property and awarding child support and maintenance, the court failed to set forth the factors it considered and the reasons for its decision (*see, Otto v Otto,* 150 AD2d 57, 61; *Diachuk v Diachuk,* 117 AD2d 985, 986). The court "took no testimony and merely signed a judgment [that] awarded the plaintiff everything that she requested" (*Otto v Otto, supra,* at 69-70). Defendant has raised genuine issues concerning the source of funds for the acquisition of plaintiff's business and the court's calculation of his child support obligation. Additionally, plaintiff acknowledges that she has not drawn a salary from her business, and the record shows that she possesses a college degree in accounting and management. The relevant consideration in determining the income of a party is the party's earning capacity, not the actual income (*see, Ferlo v Ferlo,* 152 AD2d 980). There is no indication in the record whether the court considered plaintiff's earning capacity in determining plaintiff's income, nor did the court set forth its reasons for awarding the contents of the marital residence and various items of personal property solely to plaintiff. Thus, we modify the order by granting in part defendant's motion and vacating that part of the judgment distributing the property of the parties and awarding maintenance, child support and attorney's fees, and we remit the matter to Supreme Court for a hearing and appropriate findings of fact and conclusions of law on those issues. Pending the outcome of that hearing, defendant shall continue to pay the amount of maintenance and child support set forth in the judgment (*see, Rutledge v Rutledge,* 60 AD2d 646). (Appeal from Order of Supreme Court, Onondaga County, Stone, J.—Vacate Default Judgment.) Present—Denman, P. J., Pine, Callahan, Balio and Davis, JJ.