■ MICHELLE DUNBAR, Respondent, v DAVID DUNBAR, Appellant. [649 NYS2d 753] —Order insofar as appealed from unanimously reversed on the law without costs, motion granted in part and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court abused its discretion in denying that part of the motion of defendant seeking to vacate the child support provisions of a judgment of divorce entered upon his default. Although a party seeking to vacate a default judgment must demonstrate a reasonable excuse for the default and a meritorious defense, "[o]ur courts have embraced a liberal policy with respect to vacating default judgments in matrimonial actions"

(*Schrader v Schrader,* 152 AD2d 987, 987-988). The general "rule is not 'applied with equal rigor in matrimonial actions where the State's interest in the marital *res* and allied issues * * * have called forth a more liberal approach, favoring dispositions on the merits' " (*Fayet v Fayet,* 214 AD2d 534, 534-535, quoting *Shaw v Shaw,* 97 AD2d 403, 406; *see also, Schorr v Schorr,* 213 AD2d 621). Defendant provided evidence that, when he received the summons with notice in this divorce action, he consulted several attorneys but he could not afford to pay a retainer fee. We conclude that defendant provided a sufficient reason for his default.

Moreover, defendant demonstrated a meritorious defense to the child support provisions of the default judgment. Defendant provided evidence that the basic child support obligation, when subtracted from his annual income, reduced his income below the self-support reserve. The matrimonial Referee erred, therefore, in not determining his child support obligation pursuant to Domestic Relations Law § 240 (1-b) (d). The matrimonial Referee further erred in ordering defendant, the noncustodial parent, to pay a pro rata share of child care expenses where, as here, the basic child support obligation reduces the noncustodial parent's income below the self-support reserve (*see, Matter of Cary v Megerell,* 219 AD2d 334, 337). We grant the motion in part, vacate the child support provisions of the default judgment and remit the matter to Supreme Court for further proceedings on plaintiff's application for child support. Because defendant provided no defense to plaintiff's allegations of cruel and inhuman treatment, we do not vacate the portion of the default judgment granting plaintiff a divorce (*see, Fayet v Fayet, supra,* at 535). (Appeal from Order of Supreme Court, Erie County, Cosgrove, J.—Child Support.) Present—Green, J. P., Lawton, Fallon, Callahan and Doerr, JJ.