■ GIUSEPPE MANCINO, Respondent, v GIUSEPPENI MANCINO, Appellant. [674 NYS2d 866] —White, J. Appeals (1) from an order of the Supreme Court (Kramer, J.), entered June 12, 1997 in Schenectady County, which denied defendant's motion to vacate a default judgment of divorce, and (2) from an order of said court, entered October 6, 1997 in Schenectady County, which denied defendant's motion for reconsideration.

The parties were married in Italy in 1958 and have two emancipated children. In 1969 they moved to the City of Schenectady, Schenectady County and thereafter acquired real estate in Schenectady and the Town of Rotterdam, as well as property in Italy. Beginning in 1993 plaintiff made two attempts to commence a divorce action against defendant but was unable to obtain proper service; however, in July 1995 while defendant was in Italy visiting her ailing mother, plaintiff hired an Italian attorney, Maria Tonolo, to serve defendant. Service was made pursuant to 28 USC rule 4, which permits service of process in a foreign country when carried out in conformity with the Hague Convention, a treaty to which both the United States and Italy are signatories. In this instance the process server went to the home of defendant's mother where defendant was residing at the time, but finding that defendant was not present, served defendant's son-in-law. Although defendant was not personally served, Tonolo submitted a certificate to the effect that this service was in accordance with Italian Civil Procedure Code § 139 which governs service of process. Defendant neither appeared nor filed an answer to the action and as a result plaintiff was granted a default judg-

ment of divorce which was entered in May 1996. In an amended order Supreme Court, based on plaintiff's affidavit, made a distribution of the marital property, including an award of exclusive ownership of his pension to plaintiff.

To vacate the default judgment defendant was required to demonstrate a reasonable excuse for her default, as well as a meritorious defense to the action (*see, Koch v Koch*, 198 AD2d 701, 702, *lv dismissed* 83 NY2d 847; *Ryan v Ryan*, 177 AD2d 895, 896). Here defendant offered the affidavit of herself and her attorney in which they contend that defendant's son-in-law consulted with an Italian lawyer and was advised that the service was not proper. Relying on this information from defendant's son-in-law, defendant did nothing further and now argues that Supreme Court never obtained jurisdiction over her. Notably, in support of the motion to vacate, defendant presented no proof other than these two conclusory affidavits. Plaintiff opposed the motion and, *inter alia*, submitted the certificate of Tonolo which stated that defendant had been properly served under Italian law. Supreme Court denied defendant's motion to vacate the default judgment and based on the record before it we find that the court did not abuse its discretion.

Defendant then moved for reconsideration, which was also denied. It is clear that the denial of a motion to reargue is not appealable (*see, Spa Realty Assocs. v Springs Assocs.*, 213 AD2d 781, 783), and although defendant argues on this appeal that this motion should be treated as a motion to renew, a motion to renew must be based on newly discovered evidence not available at the time of the original motion. (*see, Matter of Town of Poestenkill v New York State Dept. of Envtl. Conservation*, 229 AD2d 650, 651). Here, although some additional evidence was presented by defendant in an attempt to show that she was not properly served, defendant failed to offer a credible explanation as to why such proof was not presented at the time of the original motion, and thus we find that Supreme Court did not abuse its discretion in denying the motion (*see, Matter of Johnson v Coombe*, 236 AD2d 669; *Passante v Passante*, 206 AD2d 770, 771).

As to the distribution of the parties' marital assets, we find that there was insufficient evidence presented to enable Supreme Court to make a proper determination of this issue (*see, Michalek v Michalek*, 180 AD2d 890, 891). Further, there was no enumeration of the reasons or factors the court considered in making its award and thus there was a lack of compliance with Domestic Relations Law § 236 (B) (*see, Timpe-*

*rio v Timperio*, 232 AD2d 857, 859; *DeSantis v DeSantis*, 205 AD2d 928, 929).

Therefore, we reverse so much of Supreme Court's orders regarding the equitable distribution of the marital property and remit the matter for further proceedings.

Cardona, P. J., Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the orders are modified, on the law, without costs, by reversing so much thereof as directed equitable distribution of the parties' marital assets; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.