■ CAROL MOLESKY, Respondent, v JOHN MOLESKY, Appellant. [680 NYS2d 739] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered March 5, 1998 in Schoharie County, which denied defendant's motion to vacate a default judgment of separation.

The parties were married in February 1965 and have three

emancipated children. In June 1995, plaintiff commenced this action seeking a separation from defendant and distribution of the parties' marital property. In October 1995, after defendant failed to appear, Supreme Court issued a default judgment and awarded plaintiff, *inter alia*, exclusive possession of the marital residence. Then, in January 1998, defendant moved to vacate the default judgment, alleging that his default was excusable and that Supreme Court's order unconscionably distributed the parties' property. Supreme Court denied defendant's motion and this appeal ensued.

A court has the inherent power to vacate a default judgment, in the interest of justice, even after the expiration of the one-year period set forth in CPLR 5015 (a) (1) (*see, Matter of Abbott v Conway*, 148 AD2d 909, 911, *lv denied* 74 NY2d 608; *Rhulen-Immoor, Inc. v Rivera*, 61 AD2d 1116, 1117). To obtain such relief, however, the moving party must demonstrate a reasonable excuse for the default as well as a meritorious defense (*see, Mancino v Mancino*, 251 AD2d 963). A motion to vacate a default judgment is directed to the sound discretion of the trial court and, absent an abuse of that discretion, the court's decision will not be disturbed (*see, Hannie v Smith*, 246 AD2d 803).

Defendant maintains that his default was excusable because he was physically unable to appear, could not afford legal representation and did not understand the consequences of the summons. The record provides ample basis for Supreme Court's rejection of these excuses. Defendant's medical evidence establishes neither that he was unable to appear or defend against plaintiff's claims, nor that any alleged medical condition prevented him from moving to vacate the default judgment at an earlier date. Defendant's claim that he was financially unable to retain counsel was also unpersuasive as he offered no proof of his financial incapabilities, other than his own self-serving assertions (*see, Rottenberg v Lerner*, 232 AD2d 395; *compare, Dunbar v Dunbar*, 233 AD2d 922) and plaintiff submitted evidence to the contrary. Finally, defendant's assertion that he did not understand the summons does not explain why he waited more than two years to move to vacate the judgment; moreover, in our view, such a conclusory allegation does not constitute a reasonable excuse for default (*see generally, Pagano v U.W. Marx, Inc.*, 223 AD2d 817; *Matter of Donald LL.*, 210 AD2d 768).

Also unconvincing is defendant's contention that Supreme Court's distribution of the marital property was unconscionable because plaintiff was given exclusive possession of the

marital residence. When it awarded the marital residence to plaintiff, Supreme Court considered the fact that the home was subject to a purchase money mortgage and home equity loan, for which plaintiff had been making—and would continue to make—payments. That the distribution of the marital property was not so unfair as to mandate vacatur of the default judgment is underscored by the fact that defendant waited more than two years to seek relief therefrom.

Mikoll, J. P., Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.