■ TINA D. SPENELLO, Appellant, v ANTHONY SPENELLO, JR., Respondent. [710 NYS2d 478] —Peters, J. Appeal from a judgment of the Supreme Court (Hughes, J.) granting defendant a divorce and ordering equitable distribution of the parties' marital property, entered September 1, 1999 in Schoharie County, upon a decision of the court.

Plaintiff and defendant, married in 1972, are the parents of four emancipated children. At the time of trial, defendant was 48 years old, in good health, earning approximately $37,000 a year by operating a construction business out of the parties' barn. Plaintiff, then 55 years of age, characterized herself as being in poor health by reason of high blood pressure, a sciatic nerve injury and an accidental injury to her right knee. She testified that she worked as a teacher's aide, earning a salary of approximately $14,000 per year. Throughout the course of this marriage, it was undisputed that defendant paid the taxes, utilities, insurance and general expenses of the marital residence. Shortly before the commencement of this action, plaintiff withdrew the entire balance of the parties' checking and savings accounts and transferred a debt of $5,800 from her personal credit card to a jointly owned credit card which defendant ultimately repaid.

This action was commenced in April 1998 with defendant counterclaiming for divorce. As a result of a settlement conference in March 1999, the parties agreed to a division of property and the payment of $100 per week in maintenance. Under the terms thereof, defendant was to retain the marital residence in exchange for paying plaintiff $77,000; he would also keep model cars and books he acquired during the marriage as well as two vehicles, a 1994 van and a 1992 truck, with plaintiff

waiving any rights to his business. She would retain one of the parties' vehicles along with a bell collection she acquired during the marriage. The remaining personal property was to be divided by agreement. The parties thereafter set a closing date for the transfer of the marital residence but plaintiff failed to appear, causing defendant to lose a favorable mortgage rate and the application fees. Plaintiff also removed personal property from both the marital residence and defendant's shop in contravention of the stipulated terms. Defendant submitted an itemized list of the items removed in which he estimated that the value of this property was $6,600.

At a contempt hearing, Supreme Court vacated the stipulation and ordered the action to proceed to trial. At the conclusion thereof, the court ordered defendant to pay $75 per week in maintenance to plaintiff until she attains the age of 65, remarries, cohabits with an unrelated male or either party dies. As to the equitable distribution of marital assets, the court reduced the $77,000 distributive award to plaintiff by the transferred credit card debt, the loss of counsel fees for the aborted closing and her removal of money from the parties' joint savings and checking accounts, as well as the value of marital assets that she removed from the marital residence subsequent to the stipulation. Plaintiff appeals.

First reviewing the award of maintenance, we note that the amount and duration thereof is a discretionary determination left to the trial court (see, Petrie v Petrie, 124 AD2d 449, appeal dismissed 69 NY2d 1038). In making such award, however, it is required to evaluate numerous factors (see, Domestic Relations Law § 236 [B] [6] [a]) and detail the reasons underlying its determination (see, Domestic Relations Law § 236 [B] [6] [a], [b]). Upon our review, we find no error since Supreme Court's consideration of relevant factors was detailed in its findings of fact, specifically acknowledging its consideration of the income and property of the respective parties, their training, experience and education, the length of the marriage and the tax consequences of the award. Upon our further review of this comprehensive record (see, Maczek v Maczek, 248 AD2d 835, 838), thus permitting us to make necessary findings in the absence of clear specification, we note that despite a disparity in income, plaintiff was awarded a cash distribution and has the ability to increase her earnings by working full time; the health impediments she noted were not permanent. Under these circumstances, the award of $75 per week for 10 years did not rise to an abuse of discretion.

However, an award of maintenance must "be effective as of

the date of the application therefor, and any retroactive amount of maintenance due shall be paid in one sum or periodic sums, as the court shall direct, taking into account any amount of temporary maintenance which has been paid" (Domestic Relations Law § 236 [B] [6] [a]). As the record reveals that plaintiff first requested maintenance in her summons with notice served on or about April 13, 1998, she is entitled to a retroactive award. However, we note that while defendant ceased his payment to her of $100 a week for groceries as of the time that plaintiff removed money from the joint accounts, he continued to pay all other household expenses. Thus, upon remittal, such retroactive award should take into account the voluntary payments made during such time (see, Baraby v Baraby, 250 AD2d 201, 205; Petrie v Petrie, supra, at 451).

Addressing next the award pertaining to both the marital residence and motor vehicles, we note that the traditional valuation of a marital residence would be by expert appraisal (see, Walasek v Walasek, 243 AD2d 851; see also, Battisti v Battisti, 175 AD2d 400, appeal dismissed 78 NY2d 1123) whereas the valuation of a motor vehicle would be based upon its fair market value (see, Church v Church, 169 AD2d 851). Upon our review of the record, we do not find that the testimony of a neighbor as to a potential offer for a lot adjacent to the marital residence, the disparate values of both the residence and the motor vehicles noted by the parties in their affidavits of net worth or the rescinded stipulation of settlement constitute a sufficient basis upon which Supreme Court should make a determination of value (see, Michalek v Michalek, 180 AD2d 890, 891; see also, Mancino v Mancino, 251 AD2d 963, 964).

Reviewing the challenge to defendant's estimate of the value of his model car collection and of the items taken by plaintiff, defendant's familiarity with these items and their current value, neither challenged with rebuttal testimony nor by cross-examination, made him competent to testify to these matters, leaving the weight to be accorded to such testimony with Supreme Court (see, Kennedy v Kennedy, 256 AD2d 1048, 1049; Fassett v Fassett, 101 AD2d 604, 605). Yet, in failing to detail the value of items subject to equitable distribution, the issue must be remitted to the court to reconsider its equitable distribution award and specify the basis therefor (see, Kennedy v Kennedy, supra; Greenman v Greenman, 175 AD2d 360, appeal dismissed 78 NY2d 1124).

We do not agree with Supreme Court's reduction of plaintiff's distributive award for counsel fees related to the aborted closing since an evidentiary hearing must first be held at which

defendant can substantiate, and plaintiff can question, the value of the legal services rendered (see, Gadomski v Gadomski, 245 AD2d 579, 581). Finally, we note that the court should not have reduced plaintiff's award by $5,800 representing the debt transferred from her personal credit card to a jointly held credit card since undisputed testimony revealed that the debt was incurred prior to the initiation of the divorce proceeding for household items and Christmas gifts for the parties' children. As it should have been treated as marital debt, only one half of such amount should be charged to plaintiff.

Cardona, P. J., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as ordered equitable distribution of the marital property; retroactive maintenance is awarded to plaintiff and matter remitted to the Supreme Court for further proceedings in accordance with this Court's decision; and, as so modified, affirmed.