■ RICHARD CAVALLARO, Respondent, v DIANE CAVALLARO, Appellant. (Appeal No. 1.) [718 NYS2d 659] —Order insofar as appealed from unanimously reversed on the law with costs and matter remitted to Supreme Court for further proceedings in accordance with same Memorandum as in *Cavallaro v Cavallaro* (278 AD2d 812 [decided herewith]). (Appeal from Order of Supreme Court, Monroe County, Bergin, J.—Matrimonial.) Present—Pigott, Jr., P. J., Green, Pine, Kehoe and Balio, JJ.

■ RICHARD CAVALLARO, Respondent, v DIANE CAVALLARO, Appellant. (Appeal No. 2.) [718 NYS2d 538] —Order unanimously modified on the law and as modified affirmed with costs to defendant and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Plaintiff obtained a default judgment of divorce against defendant, his wife of 27 years. The judgment awarded defendant $25,000 as her equitable share of the proceeds of the sale of certain commercial property owned by plaintiff, but otherwise did not distribute the parties' property. The judgment also did not award maintenance to defendant, who had not requested such relief in her answer. In appeal No. 1, defendant appeals from an order summarily denying her motion to modify the judgment by granting her maintenance and to award her attorney's fees on that motion. In appeal No. 2, she appeals from a postjudgment order denying her motion to vacate the default judgment of divorce.

With respect to appeal No. 1, we conclude that Supreme Court erred in refusing to entertain defendant's motion for maintenance and attorney's fees. The failure of defendant to request maintenance in her answer did not constitute a permanent waiver of maintenance, as defendant is entitled to seek modification of the judgment to award her maintenance (*see,* Domestic Relations Law § 236 [B] [9] [b]). Here, defendant's papers made out a claim for maintenance on the ground of defendant's inability to be self-supporting. Defendant showed that her modest expenses are nearly three times her income and that she is likely to become a public charge (*see, Daye v Daye,* 170 AD2d 963, 964). Contrary to plaintiff's contention, defendant is not required to show a change of circumstances

(see, *Wyser-Pratte v Wyser-Pratte,* 66 NY2d 715, 716-717, *rearg denied* 66 NY2d 1036). Nor is there any merit to plaintiff's contention that the motion for modification was properly denied as a groundless motion to reargue or renew the motion to vacate the default judgment. We reverse the order in appeal No. 1 and remit the matter to Supreme Court to determine defendant's motion.

With respect to appeal No. 2, the court erred in denying that part of the motion seeking to vacate the financial provisions of the judgment of divorce; defendant does not seek to vacate that part of the judgment granting plaintiff a divorce based on cruel and inhuman treatment. Defendant demonstrated a reasonable excuse for her default, which was attributable to lack of any notice of the court date to defendant or her attorney, her attorney's abandonment of her case, her depressed psychological state, which rendered her incapable of acting to protect herself, and a failure by the court and counsel to follow orderly procedure with respect to the withdrawal of counsel (*see generally,* CPLR 321 [b]). Under the circumstances, and given the liberal policy with respect to vacating defaults in matrimonial actions, defendant's default is excusable (*see,* CPLR 5015 [a] [1]; *Telly v Telly,* 242 AD2d 928; *Dunbar v Dunbar,* 233 AD2d 922; *Schrader v Schrader,* 152 AD2d 987). Defendant also demonstrated a meritorious defense with respect to plaintiff's requests for financial relief (*see generally, Dunbar v Dunbar, supra,* at 923; *Hansen v Hansen,* 229 AD2d 960; *Fayet v Fayet,* 214 AD2d 534). We thus modify the order in appeal No. 2 by granting defendant's motion in part and vacating the financial provisions of the judgment, and we remit the matter to Supreme Court to determine the financial issues (*see, Dunbar v Dunbar, supra,* at 923; *Hansen v Hansen, supra,* at 961). (Appeal from Order of Supreme Court, Monroe County, Bergin, J.—Vacate Judgment.) Present—Pigott, Jr., P. J., Green, Pine, Kehoe and Balio, JJ.