■ WILLIAM J. GAVALETZ, Respondent, v REGINA A. GAVALETZ, Appellant. [734 NYS2d 326] —Crew III, J. Appeal from an order of the Supreme Court (Scarano, J.), entered February 22, 2001 in Saratoga County, which denied defendant's motion to vacate a default judgment entered against her.

Plaintiff commenced this action against defendant, a native of Germany, by service of a summons with notice in July 1997 seeking a divorce upon the ground of cruel and inhuman treatment and equitable distribution of the parties' marital

property. Defendant, who was in the process of returning to Germany at the time, consulted a local attorney, who purportedly advised her that she need not oppose the divorce and would be notified prior to distribution of the parties' assets—a process that allegedly could take up to two years. Defendant then returned to Germany without answering the summons.

In February 1999, plaintiff moved for a default judgment of divorce. Defendant was not served with notice of this motion or of the equitable distribution proceeding that apparently ensued. Thereafter, by order entered September 7, 1999, Supreme Court (Keniry, J.) granted plaintiff a judgment of divorce and distributed the bulk of the marital assets to plaintiff. Defendant received the judgment in Germany approximately one week later and, by order to show cause dated October 14, 1999, moved to vacate the default judgment as to the issue of the equitable distribution of the marital assets.[1] Following an evidentiary hearing, Supreme Court (Scarano, J.)[2] denied defendant's application, prompting this appeal.

Although we agree that defendant failed to demonstrate a reasonable excuse for her default, we do find merit to defendant's contention that Supreme Court's failure to enumerate and/or discuss any of the statutory factors governing the equitable distribution of the parties' marital property (*see,* Domestic Relations Law § 236 [B]) requires that the judgment of divorce, to the extent that it determines the property rights of the parties, be vacated (*see, Michalek v Michalek,* 180 AD2d 890, 890-891; *see also, Mancino v Mancino,* 251 AD2d 963, 964). " 'While this deficiency may be overlooked where a comprehensive record and extensive factual findings provide a basis for informed review' " (*Rosenstock v Rosenstock,* 139 AD2d 164, 167, quoting *Matter of Gulli v Gulli,* 118 AD2d 970, 971), such is not the case here.

In the bench decision rendered by Supreme Court in this matter, the court found, without elaboration, that "the equitable distribution decision of [Justice] Keniry was in compliance with Domestic Relations Law [§ 236 (B)]." In this regard, we note that neither the statement of particulars regarding the parties' marital assets provided by plaintiff to Justice Keniry nor Justice Keniry's findings of fact and conclusions of law appear in the record on appeal. It is also unclear from a review of the transcript of the underlying evidentiary hearing whether Supreme Court actually received any of the documentary evi-

---

1. Defendant is not contesting the actual divorce.
2. Justice Keniry retired in the interim.

dence concerning the parties' marital assets submitted by plaintiff to Justice Keniry. Under such circumstances, it is impossible for this Court to assess the propriety of Supreme Court's denial of defendant's motion to vacate that portion of the default judgment directing equitable distribution of the parties' marital property. We therefore reverse Supreme Court's order denying defendant's application to vacate the default judgment insofar as it pertained to the equitable distribution of the parties' marital property and remit this matter to Supreme Court for further proceedings not inconsistent with this Court's decision.

Cardona, P. J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion to vacate that portion of the default judgment directing equitable distribution of the parties' marital property; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.