■ ANGELA PAYNE, Respondent, v AUBREY PAYNE, Appellant. [771 NYS2d 714]—In matrimonial action in which the parties were divorced by judgment entered February 1, 2002, the defendant former husband appeals, as limited by his brief, from stated portions of (1) an order of the Supreme Court, Kings County (G. Garson, J.), dated April 3, 2002, which, inter alia, granted his motion to vacate the judgment of divorce entered upon his failure to appear only to the extent of modifying the award of child support and the terms of equitable distribution, (2) an order of the same court dated May 1, 2002, which, inter alia, amended the order dated April 3, 2002, by granting his motion to vacate the judgment of divorce only to the extent of vacating the award of child support and the terms of equitable distribution and scheduling a hearing to determine issues of child support and

equitable distribution, (3) an order of the same court dated May 6, 2002, which, inter alia, recalled the order dated April 3, 2002, as amended by the order dated May 1, 2002, due to his noncompliance therewith, and thereupon denied his motion to vacate the judgment of divorce in its entirety, (4) an amended judgment of divorce of the same court entered June 3, 2002, which, inter alia, awarded the plaintiff former wife a divorce on the ground of cruel and inhuman treatment and determined issues of custody, child support, and equitable distribution, and (5) an order of the same court dated February 5, 2003, which denied his motion to vacate the amended judgment.

Ordered that the appeals from the orders dated April 3, 2002, May 1, 2002, May 6, 2002, and the amended judgment entered June 3, 2002, are dismissed, without costs or disbursements; and it is further,

Ordered that the order dated February 5, 2003, is modified, on the law and as a matter of discretion, by deleting the provision thereof denying that branch of the defendant's motion which was to vacate so much of the amended judgment as determined equitable distribution and substituting therefor a provision granting that branch of the motion; as so modified, the order dated February 5, 2003, is affirmed, without costs or disbursements, the order dated May 6, 2002, is vacated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings and a new determination on the issue of equitable distribution.

The appeals from the orders dated April 3, 2002, May 1, 2002, and May 6, 2002, are dismissed as academic. The appeal from the amended judgment must be dismissed as no appeal lies from a judgment entered upon the default of the appealing party (*see* CPLR 5511; *Marquise Collection v M.A.S. Textiles Corp.,* 239 AD2d 470 [1997]).

The Supreme Court improvidently exercised its discretion in denying that branch of the defendant's motion which was to vacate so much of the amended judgment as determined equitable distribution. "Although a party seeking to vacate a default judgment must establish a reasonable excuse for the default and a meritorious defense, this Court has adopted a liberal policy with respect to vacating defaults in matrimonial actions" (*Louis v Louis,* 231 AD2d 612 [1996]). The "State's interest in the marital res and allied issues . . . favor dispositions on the merits" (*Viner v Viner,* 291 AD2d 398 [2002] [internal quotation marks omitted]). Moreover, the court should have vacated that portion of the amended judgment providing for distribution of the parties' marital property on the additional ground that it

failed to enumerate and/or discuss the statutory factors governing the equitable distribution of the parties' marital property (*see* Domestic Relations Law § 236 [B]). That the amended judgment was entered upon the default of one of the parties does not obviate the court's obligation to set forth its reasoning based upon the factors enumerated in Domestic Relations Law § 236 (B) (*see Gavaletz v Gavaletz,* 289 AD2d 755 [2001]; *Bernholz v Bernholz,* 184 AD2d 542 [1992]). Further, while this Court may, in the interest of judicial economy, address the matter where the record upon which the trial court would base such a determination is fully before it (*see Majauskas v Majauskas,* 61 NY2d 481, 493-494 [1984]; *Fanelli v Fanelli,* 215 AD2d 718 [1995]), we are unable to do so in this case (*see Rossi v Rossi,* 137 AD2d 590 [1988]). Accordingly, the matter is remitted to the Supreme Court, Kings County, for a new determination as to equitable distribution. Ritter, J.P., Krausman, Schmidt and Crane, JJ., concur.