CHANTELLE L. TRIM, Respondent, v RUSSELL J. TRIM, Appellant. [801 NYS2d 417]—

Rose, J. Appeal from an order of the Supreme Court (Lawliss, J.), entered October 25, 2004 in Franklin County, which denied

defendant's motion to vacate a default judgment entered against him.

The parties were married in 1997. In August 2002, plaintiff commenced this instant action for divorce. Defendant was personally served with the summons and complaint and, by mail, also received correspondence from plaintiff's attorney indicating that he should execute the enclosed "Affidavit of Defendant in Action for Divorce" if he was in agreement with plaintiff's complaint. Defendant did not sign the document nor did he answer, appear or obtain counsel in response to the summons and complaint. In January 2003, Supreme Court entered a default judgment of divorce against defendant and, among other things, ordered that the marital property be distributed as requested by plaintiff in her complaint. Accordingly, plaintiff was granted the marital residence, the 6.42-acre piece of property upon which the residence is located and the adjacent 6.91-acre piece of property. Defendant subsequently executed a quit-claim deed in June 2003, transferring his interest in the aforementioned property to plaintiff. In August 2004, after obtaining counsel, defendant moved to vacate the default judgment as to the issues of equitable distribution and other ancillary relief. Defendant did not contest the divorce itself. Supreme Court denied the motion and this appeal ensued.

A party seeking to vacate a default judgment must establish both a reasonable excuse for the default and a meritorious defense to the underlying claim (*see Molesky v Molesky*, 255 AD2d 821, 822 [1998]; *Mancino v Mancino*, 251 AD2d 963, 964 [1998]; *Arvanetes v Arvanetes*, 191 AD2d 893, 893 [1993]). However, in light of the liberal policy of this Court with respect to vacating default judgments in matrimonial actions and the state's interest in the property issues implicated in such actions (*see Arvanetes v Arvanetes, supra* at 893; *Mason v Mason*, 69 AD2d 942, 942 [1979]; *see also Payne v Payne*, 4 AD3d 512, 513 [2004]; *Viner v Viner*, 291 AD2d 398, 398-399 [2002]), the provisions of the judgment concerning equitable distribution of the parties' marital property should be set aside despite defendant's failure to establish a reasonable excuse for his default (*see Gavaletz v Gavaletz*, 289 AD2d 755, 756 [2001]; *Mancino v Mancino, supra* at 964; *Michalek v Michalek*, 180 AD2d 890, 891 [1992]; *see also Payne v Payne, supra* at 513-514; *Hansen v Hansen*, 229 AD2d 960, 961 [1996]).

As to the issue of merit, Supreme Court failed to comply with its obligation under Domestic Relations Law § 236 (B) to set forth the statutory factors considered and articulate the reasons for its determination as to the distribution of the marital prop-

erty and, moreover, the record in this case is such that this Court is not able to undertake a review of the distribution (*see Gavaletz v Gavaletz, supra* at 756; *Mancino v Mancino, supra* at 964; *Michalek v Michalek, supra* at 891; *see also Payne v Payne, supra* at 513-514; *Hansen v Hansen, supra* at 961). Indeed, the record reflects that there was insufficient evidence before Supreme Court upon which it could have made a proper determination of the distribution of the marital property (*see Mancino v Mancino, supra* at 964; *Michalek v Michalek, supra* at 891; *see also Hansen v Hansen, supra* at 961); the court simply awarded plaintiff everything she requested without receiving any evidence concerning what property the parties had, its value or how it could be distributed equitably. Notably, in support of his motion, defendant submitted an affidavit and a statement of net worth which, among other things, identified certain property not included in the court's distribution. Given the foregoing, the judgment must be vacated as to the issue of equitable distribution of the parties' marital property and the case remitted for further proceedings (*see Gavaletz v Gavaletz, supra* at 757; *Mancino v Mancino, supra* at 965; *Michalek v Michalek, supra* at 891).

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as denied defendant's motion to vacate that portion of the default judgment directing equitable distribution of the parties' marital property; motion granted to that extent and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.