■ DONALD DE PASS, Respondent, v ANGELA DE PASS, Appellant. [839 NYS2d 609]—

Lahtinen, J. Appeals (1) from an order of the Supreme Court (McNamara, J.), entered March 8, 2006 in Albany County, which denied defendant's motion to vacate a default judgment of divorce entered against her, and (2) from an order of said court, entered July 17, 2006, which denied defendant's motion for reconsideration.

Following 17 years of marriage and the birth of two children, the parties entered into a separation agreement in March 2004. Thereafter, plaintiff commenced this divorce action in April 2005 based on living apart under the agreement. Defendant failed to file a timely answer and, when plaintiff moved for a default judgment of divorce, defendant then submitted an opposing affidavit and a proposed answer asserting, among other things, that the part of the separation agreement dealing with marital property was unconscionable and the product of fraud, duress and overreaching. Although those papers were apparently submitted by defendant on or about July 11, 2005, Supreme Court nevertheless shortly thereafter signed the default judgment on July 23, 2005, and that judgment was entered in September 2005. Once the judgment was entered, defendant promptly moved pursuant to CPLR 5015 (a) to vacate that part of the judgment which addressed the marital property.

The motion was denied, as was defendant's subsequent motion for reconsideration. Defendant appeals.

"A party seeking to vacate a default judgment must establish both a reasonable excuse for the default and a meritorious defense" (*Trim v Trim*, 21 AD3d 1203, 1204 [2005] [citation omitted]; *see Loris v S & W Realty Corp.*, 16 AD3d 729, 730-731 [2005]; *Arvanetes v Arvanetes*, 191 AD2d 893, 893 [1993]). The requirements for vacating a default judgment are, however, applied less rigorously to matrimonial actions (*see Trim v Trim*, *supra* at 1204; *Payne v Payne*, 4 AD3d 512, 513 [2004]; *O'Brien v O'Brien*, 149 AD2d 830, 831 [1989]). Here, the separation agreement was prepared by a mediator, neither party retained counsel and, according to defendant, the mediator was a friend of plaintiff. In that agreement, defendant waived all her rights to plaintiff's State Police pension in exchange for a 75% interest in the net proceeds of the eventual sale of the marital residence. According to defendant, plaintiff's pension might be worth over $1.5 million, whereas the equity interest in the house may result in less than $15,000 (and her own pension as a teacher's aid will be insignificant). She stated that she was not previously aware of the value of plaintiff's pension, that her rights to a share of it and to financial disclosure were never explained to her, and that plaintiff pressured her into signing the separation agreement. She further stated that she failed to answer the complaint in a timely fashion because she had no knowledge of her legal rights and she had been led to believe that there was nothing she could do since she had lived apart from plaintiff for over a year. Applying the liberal standard for vacating a default in matrimonial actions, we are persuaded to set aside this default in light of all the circumstances, including that defendant made efforts to answer before the default judgment was entered, she thereafter moved promptly to set aside the default, she set forth an excuse for her delay in answering, and she has alleged a significant discrepancy in the division of the parties' property as well as conduct surrounding the execution of the separation agreement which raises issues of potential merit.

Based on the foregoing, the appeal from the order denying defendant's motion for reconsideration is dismissed as moot.

Cardona, P.J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the order entered March 8, 2006 is reversed, on the law and facts, without costs, motion to vacate granted, and defendant is directed to serve an answer within 20 days of the date of this order. Ordered that the appeal from the order entered July 17, 2006 is dismissed, as moot, without costs.