Edwards v Edwards (2021 NY Slip Op 06504)





Edwards v Edwards


2021 NY Slip Op 06504


Decided on November 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


892 CA 21-00525

[*1]HEIDI G. EDWARDS, PLAINTIFF-RESPONDENT,
v
BRUCE W. EDWARDS, DEFENDANT-APPELLANT. 






EISENHUT & EISENHUT, UTICA (CLIFFORD C. EISENHUT OF COUNSEL), FOR DEFENDANT-APPELLANT.
MACHT, BRENIZER & GINGOLD, P.C., SYRACUSE (JON W. BRENIZER OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Oneida County (David A. Murad, J.), entered October 8, 2020. The order directed the distribution of the remaining funds in the Edwards Farm Escrow Account. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the second ordering paragraph except insofar as it distributes $126,822.25 to the sale and escrow agents and as modified the order is affirmed without costs and the matter is remitted to Supreme Court, Oneida County, for further proceedings in accordance with the following memorandum: In this post-divorce action, plaintiff wife moved for an order approving an accounting of funds held in an escrow account and the proposed distribution thereof. The escrow account held the net proceeds from the sale of a farm owned and operated by the parties during the marriage. According to a prior court order, the proceeds of that account were to be equally distributed between the parties subject to any credits due to each party. Supreme Court granted the motion in part by approving the accounting of the escrow funds and granting plaintiff certain credits. Defendant husband appeals.
We agree with defendant that the court erred in deciding the value of plaintiff's credits without a full evidentiary hearing permitting the parties to offer proof of valuation (see Michalek v Michalek, 180 AD2d 890, 891 [3d Dept 1992]; Norgauer v Norgauer, 126 AD2d 957, 957-958 [4th Dept 1987]). Plaintiff offered no direct proof of the value of the relevant assets, and defendant was not afforded an opportunity to cross-examine the court-appointed appraiser or review the appraisals (see Banker v Banker, 56 AD3d 1105, 1107-1108 [3d Dept 2008]). The court's decision also failed to articulate the factors it considered or the reasons for its determination to partially grant certain credits to plaintiff and deny others (see Domestic Relations Law § 236 [B] [5] [g]; Antinora v Antinora, 125 AD3d 1336, 1339 [4th Dept 2015]; Hansen v Hansen, 229 AD2d 960, 961 [4th Dept 1996]). We therefore modify the order by vacating the second ordering paragraph except insofar as it distributes $126,822.25 to the sale and escrow agents, and we remit the matter to Supreme Court for a hearing and appropriate findings of fact and conclusions of law with respect to the parties' entitlement to credits.
Defendant's remaining contention that service of certain submissions was improper is not properly before us inasmuch as it is raised for the first time in his reply brief (see Scully v Scully, 104 AD3d 1137, 1138 [4th Dept 2013]). Likewise, defendant's contention that he should be credited for certain temporary maintenance payments is raised for the first time on appeal and is, therefore, not properly before us (see Ferrante v Ferrante, 186 AD3d 566, 570 [2d Dept 2020]).
Entered: November 19, 2021
Ann Dillon Flynn
Clerk of the Court